**C.B. HARBOUR III, Plaintiff-Appellee,**

v.

**Robert L. BROWN, Trustee for H.W. ULRICH; and H.W. Ulrich, Individually, Defendant-Appellant.**

Supreme Court of Tennessee, at Knoxville.

June 22, 1987.

Michael E. Richardson, Patrick, Beard & Richardson, P.C., Chattanooga, for defendant-appellant.

Harry Berke, Berke, Berke & Berke, Chattanooga, for plaintiff-appellee.

## OPINION

COOPER, Justice.

This appeal presents the single question: Can a trial judge enter a valid Order of Compromise and Dismissal after being informed by one of the parties that consent to the compromise has been withdrawn? We hold that he can not and reverse the judgment dismissing the action.

The appeal in this case is before us on the technical record only. From it we glean that an action was brought by C.B. Harbour III, seeking specific performance of an alleged real estate contract and the enjoining of a threatened foreclosure action under an existing deed of trust. The defendant filed a cross-complaint, seeking judgment on the note secured by the deed of trust.

On the date the actions were set for trial, the parties announced to the court that they had reached an agreement and would submit an order of compromise and dismissal. The terms of the compromise were not announced to the court and are not part of the technical record.

Before entry of any order in the case, it was brought to the chancellor's attention that the defendant had withdrawn his consent to the compromise, and was taking the position that the compromise had been "tentative" as it was contingent upon the action of a third party. Thereafter, the chancellor entered an order dismissing the case with prejudice, noting in the order that if there were "valid grounds for setting aside the 'Contract to Settle,' the defendant [could] file an appropriate motion with grounds in support thereof." The defendant moved to vacate the order and to reschedule the case for trial on the merits. The chancellor overruled the motion, adjudged the matters in controversy to be compromised, and again dismissed the action with prejudice.

█ The resolution of disputes by agreement of the parties is to be encouraged. But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment. *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 87 N.W.2d 311 (1958); *Lee v. Rhodes*, 227 N.C. 240, 41 S.E.2d 747 (1947); *Norton Shores v. Carr*, 59 Mich. App. 561, 229 N.W.2d 848 (1975). *Cf. Kittrelle v. Philsar Development Co.*, 50 Tenn. App. 84, 359 S.W.2d 837 (1962).

█ The general rule defining the power of a court to enter a consent judgment is set forth in 49 C.J.S. Judgments § 174(b), as follows:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

In making reference to the general rule in *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), the court emphasized that:

> A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.

The reason for the rule is that a consent judgment does not represent the reasoned

decision of the court but is merely the agreement of the parties, made a matter of record by the court. *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 87 N.W.2d 311 (1958). And, until entered by the court, the matter being the question of an agreement between the parties, either party may repudiate the agreement because of an actual or supposed defense to the agreement. This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

There is no question in this case but that the trial judge knew before he entered the Order of Compromise and Dismissal that the defendant had repudiated the agreement. This being so, the trial judge was without power to enter the Order of Compromise and Dismissal. Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings. Costs of the appeal are adjudged against C.H. Harbour III.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.