IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

CHARLES STEVEN DENBOW,　　　　Chester Chancery No. 8617
　　　　　　　　　　　　　　　　　C.A. No. 02A01-9410-CH-00238
　　　　Plaintiff/Appellee,

　　　　　　　　　　　　　　　　　　Hon. Joe C. Morris, Judge

v.

SANDRA KAY DENBOW,

　　　　Defendant/Appellant.

MICHAEL L. WEINMAN, Tatum & Tatum, Henderson,
Attorney for Defendant/Appellant.

MIKE MOSIER, Jackson, Attorney for Plaintiff/Appellee.

*REVERSED AND REMANDED*

Opinion Filed:
_____

TOMLIN, Sr. J.

　　　　This is a domestic relations case with an unusual twist.  On May 3, 1994, plaintiff filed a complaint in the Chancery Court of Chester County seeking a divorce from defendant on the grounds of irreconcilable differences.  At the same time, plaintiff filed a marital dissolution agreement ("agreement") executed by the parties on May 2, 1994.  The agreement provided that the parties would have joint custody of their two minor children, then ages 13 and 15, with the children residing with plaintiff.  No child support was to be paid by either party.  In addition, the agreement did not make any allowances for alimony and purported to divide the real and personal property between the parties.  Plaintiff was represented by counsel at the time the parties executed the agreement, but defendant was not.  Shortly thereafter, defendant employed counsel and on June 3, 1994, filed a motion to set aside the agreement.  In her motion defendant contended that she was forced to sign the agreement under duress and fear of bodily harm.  She also contended that the agreement did not adequately provide for the care and maintenance of the parties' minor children or make an equitable settlement of the

1

FILED

May 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

parties' property as required by T.C.A. § 36-4-103(b) (1991). Defendant's motion asked the court to set the agreement aside and allow the parties to proceed with the divorce as if the agreement had never been executed.

On August 17, 1994, the chancellor held a hearing on the motion to set aside the agreement. The parties were the only witnesses to testify. On August 31, 1994, the trial court entered a final decree of divorce wherein the court ratified and approved the agreement and awarded the parties an absolute divorce. This appeal followed. Defendant has presented two issues for our consideration:

(1) Whether the trial court erred in refusing to set aside the Marital Dissolution Agreement because Mrs. Denbow was acting under duress, coercion, and undue influence when she signed the agreement; and

(2) Whether the trial court erred in entering a final decree of divorce in this matter on the grounds of the irreconcilable differences since the marital dissolution agreement executed by the parties did not adequately provide for the custody and maintenance of the children or provide for an equitable settlement of the property rights between the parties as required by T.C.A. § 36-4-103(b).

Notwithstanding the above, it appears to this court that the real issue presented by this appeal is whether the chancellor was in a position to enter a valid consent judgment when it readily appeared before the court that there was no agreement between the parties at the time the judgment was entered. In our opinion, this was error on the part of the chancellor.

It is undisputed from this record that although defendant signed the agreement on May 2, 1994, she expressed her repudiation of the agreement 32 days later by filing a motion to set aside the agreement and try the case as a contested divorce. Her repudiation was further made clear to the court by virtue of her testimony in open court on August 17, 1994.

2

This court is of the opinion that the resolution of this issue is governed by the principles set forth by our supreme court in the case of Harbour v. Brown for Ulrich, 732 S.W.2d 598 (Tenn. 1987). Harbor involved a suit and a countersuit wherein plaintiff sought specific performance of an alleged real estate contract along with an injunction against a threatened foreclosure action under an existing deed of trust. On the date the case was set for trial the parties announced to the court that they had reached an agreement and would submit an order of compromise and dismissal. The terms of the compromise were not announced to the court. Before entry of an order in the case, it was brought to the court's attention that defendant had withdrawn his consent to the compromise. The court nonetheless entered an Order of Compromise and Dismissal. Defendant moved to vacate the order and to reschedule the case for trial on the merits, but the trial court overruled the motion and once again dismissed the case with prejudice. Id.

In reversing the trial court, the Harbour court set forth its rationale as follows:

> The resolution of disputes by agreement of the parties is to be encouraged. But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment.
>
> The general rule defining the power of a court to enter a consent judgment is set forth in 49 C.J.S. Judgments § 174(b), as follows:
>
>> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

Id. (citations omitted). The court further stated:

> A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment

3

the court undertakes to make the agreement the judgment of the court.

Id. at 600 (citing Burnaman v. Heaton, 240 S.W.2d 288, 291 (Tex. 1951)).

In Elrod v. Elrod, No. 03A01-9108-GS-260, 1991 WL 238233 (Tenn. App. Nov. 18, 1991), the eastern section of this court applied the principles announced in Harbour to a domestic relations case. In Elrod, the parties negotiated a settlement of all issues prior to trial which they orally announced to the court. At that time the parties had not reduced their agreement to writing in the form of a marital dissolution agreement. No further proceedings were held until a final judgment was presented to the court for approval. The trial court entered a final judgment of divorce over plaintiff's objections and without a signed marital dissolution agreement. In Elrod, as in this case, there is no question but that the trial judge knew before he entered the final decree of divorce that a party had repudiated the agreement. The Elrod court found that the trial judge was without authority to enter a final decree. Id. at *1. We are of the same opinion in this case.

Accordingly, the judgment of the trial court granting the parties a divorce on the grounds of irreconcilable differences and approving the agreement is reversed. This case is remanded to the trial court. In connection with the remand, we are constrained to note the contents of defendant's motion to consider post judgment facts, which plaintiff did not oppose. The parties' son, Wesley Denbow, submitted an affidavit stating that defendant and he were attacked by plaintiff and his girlfriend on Thanksgiving Day 1994 when they went to plaintiff's house to retrieve some of Wesley's personal belongings. Prior to that incident, Wesley had moved in with his mother and contemplated living with her after his parents' divorce became final. Wesley Denbow also stated that his brother was also living with his mother at that time.

4

For the reasons herein stated, the judgment of the trial court is as to all matters reversed. This cause is remanded to the chancery court of Chester County for a hearing and determination on the merits. The agreement stands repudiated by this record. Pursuant to provisions of T.R.A.P. 42, this case is to be remanded to the trial court as soon as reasonably possible for such further and other proceedings that may be desirable and necessary, not inconsistent with the provisions of this opinion. Costs in this cause on appeal are taxed to plaintiff, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
CRAWFORD, P.J.


_____
LILLARD, J.