IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-01192-COA-R3-CV

| | |
|---|---|
| SULLIVAN COUNTY, TENNESSEE and THE SULLIVAN COUNTY BUILDING COMMISSIONER, | ) C/A NO. 03A01-9902-CV-00059 ) ) |
| Plaintiffs-Appellees, | ) ) ) ) |
| v. | ) APPEAL AS OF RIGHT FROM THE ) SULLIVAN COUNTY LAW COURT ) ) ) ) ) |
| JOE ELLIS LYON, | ) ) |
| Defendant-Appellant. | ) HONORABLE JOHN S. McLELLAN, III, ) JUDGE |

For Appellant                          For Appellees

JOE ELLIS LYON                         DANIEL P. STREET
Pro Se                                 Sullivan County Attorney
Bluff City, Tennessee                  Blountville, Tennessee

O P I N I O N

This appeal arises out of the trial court's entry of an "agreed" order ostensibly resolving a dispute between plaintiffs Sullivan County and the Sullivan County Building Commissioner (collectively "the County") and defendant Joe Ellis Lyon ("Lyon"). Lyon appeals, arguing that he did not consent to the entry of the order. We find and hold that the order should not have been entered.

I.

This dispute originated as an action brought by the County against Lyon in the General Sessions Court for Sullivan County. The civil warrant alleged violations of the Sullivan County Zoning Resolution ("the Resolution"). The General Sessions Court found that Lyon was in violation of the Resolution and issued an injunction ordering him to remove certain heavy equipment and related parts from his property.

Lyon appealed to the Law Court for Sullivan County. On November 5, 1998, counsel for the County and counsel for Lyon discussed by phone the possibility of settlement. The County's counsel drafted a proposed agreed order. The next day, the County, Lyon, and Lyon's counsel negotiated the terms of the settlement for four hours. This negotiation resulted in a document entitled "Agreed Order" consisting of typewritten provisions and numerous handwritten modifications ("the Original Agreed Order"). Lyon informed his attorney and the County that he would not sign the document until it was re-typed. After Lyon left the building, the parties' counsel met with the trial judge,

3

signed the Original Agreed Order, and "announced" it in open court.  Lyon's signature line was left blank.  In Lyon's absence, the trial court was unable to confirm his consent to the rough-draft, *not-ready-to-be-entered* order; and, at that juncture, was therefore unable to orally bind him personally to it.

When the County's attorney presented the re-typed Agreed Order to Lyon, Lyon refused to sign it, asserting that it contained provisions to which he had not agreed.  The County's attorney then presented the Original Agreed Order to the trial court.  This Order was signed by the trial judge and filed on December 1, 1998.  Lyon appeals, asserting that he did not consent to the Original Agreed Order.

II.

We hold that the trial court's entry of the Original Agreed Order was improper.  A court's power to render a judgment by consent is necessarily dependent upon the consent of the parties.  **Harbour v. Brown for Ulrich**, 732 S.W.2d 598, 599 (Tenn. 1987).  This consent must "exist at the very moment the court undertakes to make the agreement the judgment of the court."  **Id**. (quoting **Burnaman v. Heaton**, 240 S.W.2d 288, 291 (Tex. 1951)).

We find and hold that consent did not exist at the time the trial court undertook to make the agreement the judgment of the court.  It was only after Lyon refused to sign the re-typed Agreed Order that the County presented the Original Agreed Order to the trial court for filing.  Because consent did not exist at

4

the time the judgment was entered, the consent judgment is invalid.

The judgment of the trial court is vacated. This case is remanded for further determinations consistent with this opinion, pursuant to applicable law. Costs on appeal are taxed to the appellee.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.