# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session

## WAYNE D. JOINER, SR., v. METROPOLITAN GOVERNMENT

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-2708; 98C-2709; 98C-2710 and 98C-2711    Hon. Carol Soloman, Circuit Judge**

---

### No. M2000-00413-COA-R3-CV - Filed September 28, 2000

---

The Trial Court entered consent Judgment over objection of defendant. We vacate Judgment and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and PATRICIA J. COTTRELL, J., joined.

Wayne D. Joiner, Sr., Hendersonville, Tennessee, *pro se.*

Dennis W. Stanford, Nashville, Tennessee, for appellee, Metropolitan Government.

### OPINION

The Trial Judge responding to a Motion for Order Adopting Settlement filed by the Nashville Metropolitan Government (hereinafter called "plaintiff"), entered judgment based upon the affidavit of the Codes Inspector, which outlined an agreed settlement between plaintiff and defendant, Wayne D. Joiner, Sr., (hereinafter called "Joiner"). Joiner has appealed.

By way of background, the action against Joiner was on the Court's docket, and according to the Inspector's affidavit, while waiting, the parties agreed to settle their disputes on terms set forth in his affidavit. Joiner filed a sworn response to the Motion, stating he did not agree to the terms set forth in the proposed Order, and disputed the presence of the Inspector, insisting only the plaintiff's attorney and Joiner were present.

It appears from the record that the parties believed they had reached an agreement on

the day they appeared for trial, because they did not wait for their turn in court, and made no announcement to the Court. This is borne out because thereafter they sent letters back and forth discussing the terms of the settlement. Joiner did not consent to the terms as set forth in plaintiff's proposed Order, and when judgment was entered, this was made known to the Trial Judge.

This dispute is governed by the Supreme Court's decision in *Harbour v. Brown*, 732 S.W.2d 598 (Tenn. 1987), where the Court held that a consent judgment could not be entered where one party had withdrawn his consent and communicated that fact to the trial court. In *Harbour*, the parties reached a settlement agreement on the date of trial and announced to the court that such had occurred and that they would submit an order of compromise and dismissal. Subsequently, the Trial Court was made aware that one party had withdrawn his consent, but the Trial Judge entered an order dismissing the case with prejudice.

On appeal, the Supreme Court held this to be error, stating:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

*Id.* at 599 (quoting 49 C.J.S. Judgments §174(b)). The rule in *Harbour* has been followed in numerous cases, including *Environmental Abatement, Inc. v. Astrum R.E. Corp.*, 2000 WL 225581 (Tenn. Ct. App. Feb. 29, 2000), and *Denbow v. Denbow*, 1996 WL 243894 (Tenn. Ct. App. May 9, 1996).

In this case it is clear the parties believed that had settled the matter, but did not announce the terms of their settlement to the Court, or otherwise reduce those terms to writing at the time of the settlement. It is also clear from the letters which were exchanged later, that the parties were far apart in terms of any agreement. Based upon *Harbour* and its progeny, it was error for the Trial Court to enter an Order adopting the settlement agreement proposed by the plaintiff, when the Court had knowledge that Joiner did not and would not agree to those terms.

Accordingly, we vacate the Judgment and remand the case for further proceedings in accordance with this Opinion.

Joiner has raised other concerns in his "brief" regarding the judicial process and how this case has progressed, but a thorough review of the record indicates that those concerns are without merit.

The cause is remanded with the cost of the appeal assessed to Metropolitan Government of Nashville.

_____
HERSCHEL PICKENS FRANKS, J.