IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 31, 2001 Session

## SHARON GLENN v. GORDON CONSTRUCTION, INC., ET AL.

Appeal from the Chancery Court for Davidson County
No. 99-13-II     Carol L. McCoy, Chancellor

No. M2000-01805-COA-R3-CV - Filed April 19, 2002

Plaintiff filed suit against construction company for negligent repair of tornado damage to her home. Parties submitted an Agreed Order of Compromise, Settlement, and Dismissal which was signed by the trial court and filed on the same day it was received. The construction company retained new counsel and filed a motion to set aside the order. Plaintiff sought contempt because the construction company refused to comply with the Agreed Order. Months later Plaintiff issued execution against construction company after failure to comply with the terms of the Agreed Order and garnished over $11,000 from its bank account. The trial court denied a motion to quash execution filed by the construction company. The construction company appeals arguing that the agreed order could not have been entered after one of the parties withdrew consent for the settlement. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

W. Thomas Schmitz, Brentwood, Tennessee, counsel on appeal for the appellant, Gordon Construction, Inc.

Eugene N. Bulso, Jr., Nashville, Tennessee, for the appellee, Sharon D. Glenn.

### OPINION

Sharon Glenn's East Nashville home sustained serious damage after being struck by a tornado on April 16, 1998. Shortly thereafter, she entered into a contract with Gordon Construction, Inc. ("Gordon") to repair the damage caused by the tornado, including repair of the roof, which collapsed when a tree fell on it. For unknown reasons, Gordon installed a new roof, but did not

repair or replace the broken rafters upon which the roof rested. As a result, the recently replaced roof of the house began to cave in.

Glenn filed suit alleging that Gordon failed to perform on the construction contract and seeking $15,000 for refund of payment and consequential damages.[1]

The case was set for trial in Davidson County Chancery Court, and on the eve of trial, the parties reached a settlement through mediation and submitted to the court an Agreed Order of Compromise, Settlement, and Dismissal ("Agreed Order"). Both parties were represented by counsel at the mediation, and the 31 year old son of the owner of Gordon also participated. The Agreed Order, signed by both counsel of record and entered by the Chancellor, stated:

1. Gordon Construction Co., Inc. will retain Shaub Construction Company, Inc. to repair the plaintiff's [Glenn's] home in a manner acceptable to the Metropolitan Department of Codes Administration. Gordon Construction Co., Inc. shall be completely and fully responsible for any payment of any and all services provided by Shaub Construction Company, Inc., and the plaintiff, Sharon Glenn, will have no obligation of any kind to Shaub Construction Company, Inc.

2. Gordon Construction Co., Inc. shall pay to the plaintiff, Sharon Glenn, upon entry of this Order Ten Thousand and No/100 Dollars ($10,000).

3. Gordon Construction Co., Inc. will endorse to Sharon Glenn Checks Nos. 809678 and 809684 in the amounts of $1,861.34 and $600.00, respectively, issued by American National Property & Casualty Company on February 22, 1999.

4. That parties, upon entry of this Order do hereby release any and all claims against each other which were or could have been asserted in this action which arise out of or relate in any way to the defendant's repair of the plaintiff's home....The parties also, upon entry of the Order, hereby dismiss with prejudice any and all claims asserted in this action.

5. Upon entry of this Order, the plaintiff, Sharon Glenn, will voluntarily dismiss without prejudice the claims asserted against American National Property & Casualty Company.

6. The court shall retain jurisdiction of this action to enforce the terms of the settlement set forth herein, the terms of which as hereby made an Order of this Court....

The Agreed Order bears two stamps, "received" and "filed", both dated October 4, 1999, the date which had been set for trial.

_____

[1]Glenn later amended the complaint to add her insurer, American National Property & Casualty Company. Glenn dismissed the claim against American National Property and Casualty Company without prejudice two days after entry of the Agreed Order with Gordon.

Apparently shortly after entry of the Agreed Order, Gordon changed its mind about the settlement.[2] Gordon released its prior counsel and retained new counsel who filed a notice of appearance and a "Motion to Set Aside Submitted Order." The motion was not accompanied by affidavits or a memorandum of law and merely stated:

Comes now the Plaintiff, by and through counsel, pursuant to Rules 58, 59, and 60, Tennessee Rules of Civil Procedure, and moves this Honorable Court to set aside the Order of Compromise, Settlement, and Dismissal, previously submitted for entry on or about October 4, 1999, in this cause. In support of said Motion, Defendant, has or will at the earliest practicable date file its Affidavit and/or Memorandum with the Court.

Gordon failed to comply with the Agreed Order. It stopped payment on the $10,000 check which it had issued to Glenn and instructed Shaub Construction not to repair the home. Glenn responded by filing a motion to show cause why Gordon should not be held in contempt for failure to comply with the terms of the Agreed Order. Gordon's original counsel, who was present at the mediation and signed the Agreed Order, moved to withdraw the same day as the hearing on the show cause motion, stating that he had been discharged and that Gordon "indicated they wish to pursue a direction in this matter which movant states places Gordon Construction, Inc. and movant in clear ethical conflict."[3] The trial court denied the motion to withdraw at the beginning of the hearing on the motion to show cause.

The trial court denied Ms. Glenn's motion to show cause, stating that contempt must be brought through a petition meeting certain notice requirements. Although affidavits supporting Gordon's motion to set aside the Agreed Order were not filed prior to the show cause hearing, Gordon's new counsel apparently filed a pre-hearing statement which does not appear in the record before us. Although the hearing was on Ms. Glenn's motion to show cause, Gordon's position regarding the invalidity of the Agreed Order was explored and argued as a defense to the motion. Thus, we must look to that hearing to determine the basis for the motion to set aside.

First, the original counsel explained his understanding of Gordon's claims that he had not understood the agreement. Essentially, Gordon had become concerned that the provision regarding Shaub's repairs to the satisfaction of Metro Codes Administration could, or would, be interpreted by that agency as a broad license to require repairs beyond the roof or repairs exceeding the minimums established by building codes. Later in a discussion between all counsel and the court, Ms. Glenn's counsel interpreted the Agreed Order as requiring that Shaub Construction Company

---

[2]According to the brief filed herein, Gordon claims when it received the Agreed Order on October 7, 1999, it determined the Order did not accurately reflect its agreement, despite the signature of its lawyer.

[3]In his affidavit accompanying his motion to withdraw, counsel stated that he had been advised by Gordon's new counsel that Gordon intended to file a motion to set aside the Agreed Order "which is and was in direct conflict with my advice and recommendations."

would make the necessary repairs to the roof and rafters in a manner to comply with codes and receive approval from the Department of Codes Administration. The court found it was clear that the parties had agreed that Shaub would do the work "in a manner that was acceptable to Metro Codes." The court continued, "this does not reflect that Metro Codes is going to determine how the work will be done."

The court also questioned the withdrawing attorney regarding the negotiations and the agreement. The attorney seeking to undertake representation of Gordon argued that contempt was not appropriate because the Agreed Order was not final because of his filing the motion to set aside. He asserted he had been informed on October 7 by the court's clerk that the Agreed Order had not yet been signed by the trial court and had instructed the clerk to hold the Agreed Order because he was filing a motion to set aside; that motion was filed within three days of the filing of the Agreed Order. He argued that court rules allow three days to object to an order, and the trial court replied that the rule did not apply to agreed orders.

The court allowed Gordon's new counsel to argue but refused to entertain his motion to set aside the Agreed Order because he was not counsel of record. The court stated that the order on the show cause motion would be sent to original counsel, after which substitution of counsel might be appropriate and would be considered.[4] Various filings were made in the next few months by Gordon's new counsel, but the motion to set aside was never re-filed or set for hearing.

Approximately eight months after entry of the Agreed Order, Glenn obtained an order of garnishment against Gordon in the amount of $10,667, which represented the $10,000 payment, plus interest, and the order was served upon Gordon's bank. Additional amounts were garnished from Gordon's bank account for clerk's fees, etc., totaling $11,455. After execution, Gordon filed a "Motion to Quash Execution Alternatively to Stay Execution."

The trial court held a hearing on Gordon's motion to quash. Gordon's counsel argued that the October 4 Agreed Order was not final because the defendant had withdrawn its consent prior to the entry of the order. He claimed that, because no final order had been entered, execution was improper.

The basis for this argument was twofold and mirrored the arguments made earlier at the hearing on the motion to show cause. First, counsel appeared to argue that the Agreed Order had not actually been approved by the court and entered on October 4, the date reflected on the order itself. For this remarkable assertion, counsel asserted he had been told by court and clerk personnel

---

[4] The trial court record does not contain either an order allowing Gordon's original counsel to withdraw as counsel for Gordon, or renewed motions from Gordon's new counsel to set aside the order or gain approval by the trial court to serve as counsel of record for Gordon.

on October 7 that the Agreed Order had not yet been signed by the court or entered.[5] Thus, he argued, by filing its motion to set aside, Gordon had withdrawn its consent prior to entry of the order. Second, Gordon argued that the Agreed Order could not have been entered for three days after its submission to the court, because of a local rule of court.

The trial court held that the rule referred to did not apply to agreed orders submitted with the signatures of counsel for all parties. The court further explained the procedure applicable to filing and approval of orders. Proposed orders are submitted to the clerk, at which time they are stamped "Received." The orders are then taken to the appropriate judge. If an order is signed by the judge, it is then filed in the clerk's office and stamped "Filed" with the date and time. Although Gordon argued this procedure was in some manner defective, we agree with the trial court that the procedure complies with the "filed for entry" procedure referenced in Tenn. R. Civ. P. 58.

The trial court denied Gordon's motion to quash or stay execution from the bench, stating:

> The court finds that on October the 4th at 10:50 a.m. there was an agreed order of Compromise, Settlement and Dismissal that was entered. This matter was set for trial on October 4th and was to have started at 9:00 a.m. However, due to the representations made by the attorneys and this order being given to the Court that morning, the Court signed it and no trial was held. The order required that the defendant repair the plaintiff's [Glenn's] home in a manner acceptable to the Department of Codes Administration. That he pay, directly to the client, the sum of $10,000, that he would endorse over to her two checks....And upon entry of the order, each of them was going to release any and all claims that they had against the other by virtue of the repairs that had happened previously. This court retained jurisdiction to enforce the terms of the settlement. As a consequence of that order, an execution was run on July the 12th, 2000, in which $11,455 was received by the Clerk and Master and presently is being held. It is submitted that the Court should quash that execution and stay it. It appears that it has already been executed and, therefore, the Court would consider this as a motion to stay and release the funds as opposed to a quashing of the execution, and the Court declines to do that. This is a matter in which a final judgment went down a long time ago. There was no timely motion pursuant to Rule 60. It is a final order, and it has now been executed upon, and it appears to be satisfied as far as the $10,000.

Although a number of procedural issues have been raised by the parties and by the course of this action below, we believe the determinative issue is the status of the Agreed Order.

---

[5]Counsel for Gordon also insisted that an evidentiary hearing would be required to determine whether the Agreed Order was approved by the court and entered before the filing of the motion to set aside. He indicated the trial judge would necessarily be a witness at such hearing. The trial court correctly dismissed that proposition by explaining that the record reflected the date of entry.

The law is well settled that "a valid consent judgment cannot be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to the entry of judgment." *Harbour v. Brown*, 732 S.W.2d 598, 599 (Tenn. 1987); *see also Environmental Abatement, Inc. v. Astrum*, 27 S.W.3d 530, 535 (Tenn. Ct. App. 2000). While a compromise and settlement agreement is a contract between the parties to litigation and may be enforceable according to contract principles, a court "may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason." *Harbour*, 732 S.W.2d at 599-600. This basic statement of the law forms the foundation of Gordon's argument. By filing its motion to set aside the Agreed Order, Gordon asserts it withdrew or revoked its consent to the agreed settlement.

The record reflects that the Agreed Order, signed by counsel for both parties, was submitted on October 4 and that it was filed, after signature by the trial court, at 10:50 a.m. on the same day, October 4. Gordon filed its motion to set aside, essentially a notice of withdrawal of its consent, on October 7. Thus, the record clearly reflects that Gordon did not attempt to withdraw or revoke its consent prior to entry of the Agreed Order. Consequently, the holding of *Harbour* quoted above does not apply to Gordon's attempted but untimely withdrawal.

Gordon first attempts to avoid these consequences by asserting that, under a local rule of court, the Agreed Order could not have been entered prior to October 7 because it was required to be held for three days. That rule provides:

> Orders containing only the signature of the attorney preparing the order will not be entered immediately but will be held by the clerk for three days. When opposing counsel receives a copy of a proposed order, he or she shall notify the Calendar Clerk of the assigned court it there is any objection to the order. If the Calendar Clerk receives no objection within the three-day period, the order will be submitted to the judge. When there is a disagreement as to the terms of the order, each party will submit a proposed order for the court's consideration.

Davidson County Courts Local Rule 33.02.

By its own terms, the rule applies only to those proposed orders prepared and submitted by only one attorney. The three days gives opposing counsel the opportunity to object to the proposed order or submit a different order for signature by the court. Obviously, neither the rule nor the goal it furthers is applicable to an agreed order of settlement signed by counsel for both or all the parties. Therefore, Rule 33.02 of the Rules of the Davidson County Courts does not affect the validity of the entry of the Agreed Order herein.

Gordon's new counsel also filed an affidavit[6] in which he alleged he contacted the clerk's office on the morning of October 7 and was told the Agreed Order had not been signed by the trial court or entered. He further alleges that he then talked to the trial court's clerk who gave him the same information. He further alleged that in both conversations he notified the clerks of Gordon's opposition to entry of the Agreed Order and his intention to immediately file a motion to set aside "the proposed agreed order."

Regardless of what the attorney may or may not have been told, the record reflects entry of the Agreed Order on October 4. The order, containing the signatures of the judge and counsel for all parties was effective on entry. *See* Tenn. R. Civ. P. 58. The affidavit of counsel calls into question the date of entry of the Agreed Order. His affidavit, in and of itself, is not enough to cause this Court to impeach the record. Thus, we conclude Gordon did not withdraw its consent to the Agreed Order prior to its entry.

As a general rule, execution may be had upon a judgment anytime after thirty days from its entry, unless execution is stayed. Tenn. R. Civ. P. 62.01. At the hearing on the motion to stay execution, Gordon asserted execution was unavailable because the Agreed Order was never final, for the reasons discussed above. On appeal, Gordon makes the same arguments, asserting that "the proof clearly shows the defendant withdrew its consent prior to the trial court's signing the disputed consent order." Gordon has asserted no other basis for the stay of execution or any other basis for setting aside the Agreed Order.

We have already disposed of these arguments, finding that the record reflects no withdrawal of consent prior to entry of the Agreed Order. The Agreed Order was validly entered on October 4, and there is no claim that the court would have had any reason to doubt Gordon's agreement at that time. We affirm the trial court's denial of stay of execution and remand the case for any further proceedings consistent with this opinion which may be necessary. Costs of this appeal are taxed to the appellant, Gordon Construction, Inc.

_____
PATRICIA J. COTTRELL, JUDGE

---

[6]Counsel filed the affidavit only a few minutes before the hearing, but argued the facts stated therein.