IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2002 Session

## DEBRA LEE BENNETT PERSADA, v. TIM HOWARD PERSADA

**Direct Appeal from the Chancery Court for Johnson County**
**No. 5085     Hon. G. Richard Johnson, Chancellor**

**FILED NOVEMBER 22, 2002**

**No. E2002-00397-COA-R3-CV**

In divorce action the parties reached an agreed property settlement by mediation. Before Judgment, the husband repudiated the agreement, but the Trial Court heard evidence on the validity of the agreement and enforced the agreement by entering Judgment thereon. We affirm on appeal.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Thomas E. Cowan, Jr., Elizabethton, Tennessee, for Appellant.

Olen G. Haynes, Jr., and Robert D. Arnold, Johnson City, Tennessee, for Appellee.

### OPINION

In this divorce action, the wife filed a Motion alleging the parties had entered into mediation under an agreed court Order, and that at the end of the mediation the parties had reached a full and complete settlement of the issues, and the same was reduced to writing and signed by the parties. She further averred that "shortly after" the mediation, her attorney was notified by the husband's attorney that the husband no longer consented to the mediation agreement, and that he had terminated his lawyer's representation and hired new counsel. The Motion sought to enforce the agreement.

The husband filed a Response to the wife's Motion, and stated that he repudiated the agreement "within days" of the mediation, and requested a trial on all the issues.

The Trial Court then held an evidentiary hearing, and entered a Final Decree of Divorce pursuant to the parties' stipulation of grounds under Tenn. Code Ann. §36-4-129. The Trial Judge also granted the wife's motion to enforce the settlement agreement, and held that the mediated agreement was binding and enforceable, and incorporated the same into the Final Decree. The agreement states that wife would quitclaim her interest in the real property, and that the husband would pay her $60,000.00 within 30 days.

For purposes of appeal, the court prepared a Statement of Proceedings, wherein it stated that the agreement was introduced which contained the signatures of the parties and their attorneys, and that the wife called the mediator, Stan Givens, to testify, who explained that the $60,000.00 payment to the wife was for her interest in the marital residence, and was not conditional upon the husband being able to obtain financing on the property. The Court stated that Givens also testified that both parties seemed to fully understand and acquiesce in the agreement, and the husband offered no evidence in response.

Husband argues that it was improper for the Trial Court to enforce and adopt the parties' mediated agreement settling their property issues because the husband had withdrawn his consent prior to the hearing and entry of Judgment. The husband asserts that this issue is governed by the Supreme Court's decision in *Harbour v. Brown*, 732 S.W.2d 598 (Tenn. 1987), where the Court held that a consent judgment could not be entered where one party had withdrawn his consent and communicated that fact to the trial court. In *Harbour*, the parties reached a settlement agreement on the day of trial and announced to the court that such had occurred and that they would submit an order of compromise and dismissal. *Id*. at 599. They did not, however, discuss the terms of settlement with the court or put them on the record at that time. *Id.* Thereafter, the trial court was made aware that one party had withdrawn his consent, but the trial court entered an order dismissing the case with prejudice anyway. *Id*.

The Supreme Court held this to be error, stating that:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

*Id.* at 599.

The Court further explained that the rationale behind the rule is that "a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court", and until entered by the court, either party could repudiate the agreement because of "an actual or supposed defense to the agreement." *Id*. at 599-600.

The Supreme Court remanded the case for hearing and upon remand, the Chancellor found the contract was enforceable and awarded damages for its breach. *Harbour v. Brown*, 1989

WL 22712 (Tenn. Ct. App. March 17, 1989). This Court affirmed that ruling. *Id.*

The outcome had been sanctioned by the Supreme Court's opinion in *Harbour*, which stated:

> This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

*Harbour*, 732 S.W.2d 598, 600 (Tenn. 1987).

Other cases which have followed *Harbour* have relied upon its bright line rule that consent may be withdrawn unless and until the terms are announced to the court and approved by it. *See Environmental Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530 (Tenn. Ct. App. 2000); *Joiner v. Metropolitan Government*, 2000 WL 1425232 (Tenn. Ct. App. Sept. 28, 2000); *Denbow v. Denbow*, 1996 WL 243894 (Tenn. Ct. App. May 9, 1996).

It is equally clear, however, that if the terms of the settlement had been announced to the court and approved before consent was withdrawn, then the Judgment entered thereon is valid. *See REM Enterprises, Ltd. v. Frye*, 937 S.W.2d 920 (Tenn. Ct. App. 1996); *Moxham v. Crafton*, 2001 WL 468669 (Tenn. Ct. App. May 4, 2001); *Callison v. Callison*, 1988 WL 100050 (Tenn. Ct. App. Sept. 29, 1988).

The logic of *Harbour* is clear. A Court may not enter a consent judgment reciting that it is bottomed on the agreement of the parties when one of the parties has objected on the grounds she does not agree, prior to the entry of the judgment. On the other hand, where there has been a mediated settlement agreement, this Court has consistently applied the terms of contract law to determine whether a judgment may be entered in the case, based upon the agreement. *See Golden v. Hood*, 2000 WL 122195 (Tenn. Ct. App. Jan. 26 2000); *Environmental Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530 (Tenn. Ct. App. 2000); and *Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn. Ct. App. 2001). (In *Vaccarella*, the Court considered an issue regarding whether the wife was under duress in signing the agreement, and found that there was no evidence of the same, clearly employing basic contract law tenets.)

The foregoing demonstrates that mediated settlement agreements can be subject to enforcement, as any other contract. Under the *Harbour* analysis, the Trial Court could not enter a consent judgment based upon the mediated agreement. However, the Trial Court, in an exercise of judicial economy, elected to determine the validity of the mediated agreement which the *Harbour* Court sanctioned. Upon an evidentiary hearing, the Trial Court found the mediated agreement enforceable, and the evidence does not preponderate against this finding. Tenn. R. App. P. Rule 13(d). Accordingly, a valid agreement formed a basis for the entry of the Judgment, as entered by the Trial Court. We therefore affirm the Judgment of the Trial Court and remand, with the cost of

the appeal assessed to the appellant, Tim Howard Persada.

_____
HERSCHEL PICKENS FRANKS, J.