IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2004 Session

## SULLIVAN COUNTY, TENNESSEE and the SULLIVAN COUNTY BUILDING COMMISSIONER v. JOE ELLIS LYON

**Direct Appeal from the Law Court for Sullivan County**
**No. C10583(M)      Hon. John S. McLellan, III., Judge**

**No. E2003-01107-COA-R3-CV - FILED JULY 27, 2004**

Appellant, *pro se*, employed counsel during appeal, but appeal is premature.  We dismiss appeal and remand.

**Tenn. R. App. P.3 Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Cheryl C. Rollins, Knoxville, Tennessee, for Appellant.

Daniel P. Street, Blountville, Tennessee, for Appellees.

### OPINION

This is an appeal by the defendant from a Judgment entered by the Trial Court on April 4, 2003, wherein the Court granted plaintiff judgment for accrued fines and penalties. Penalties were assessed for coercive and remedial purposes for the enforcement of a prior judgment. The Trial Court withheld a ruling on the criminal contempt and confinement in a correctional facility, as petitioned by plaintiffs.  The Court also ruled that the Court would "consider issuing an order for attachment of defendant to compel defendant's appearance to show cause why he should not be held in contempt of court. . . "

The record shows that this matter has been in litigation for the past seven years, and

there have been two trials, including a jury trial, three appeals, and two applications for review to the Tennessee Supreme Court, followed by the issuance of two mandates. Defendant has been unsuccessful on all substantive matters[1] yet steadfastly refuses to bring his property into compliance with the zoning regulations by "remov[ing] with due haste all cars, trucks, automobiles, equipment, trailers, heavy equipment, etc., parts of same, salvage, scrap and/or junk" as ordered by the Court.

The appellate record is incomplete, but apparently defendant appeals from the Order entered on April 3, 2003 that granted Plaintiff's petition to enforce the previous judgment entered on September 18, 2001.

Plaintiff filed the instant action on March 18, 2003 seeking to enforce the September 18, 2001 judgment and for civil and criminal penalties, including confinement in the Sullivan County Correctional Facility. Notice of the hearing on the petition was served upon the defendant, but he did not appear for the hearing. Plaintiff was granted judgment and execution on the fines and penalties previously assessed. However, the trial court stated that it would withhold its ruling on the request for criminal contempt and other matters.

The Judgment expressly reserves ruling on the criminal contempt issue, subject to procuring Defendant's physical presence in court. Any conditional Order that reserves any substantive matter for hearing at a later date is not final. *See,* Tenn. R. App. P. 3. Thus, the Judgment here did not adjudicate all claims at issue and was therefore not a final order, nor did the Trial Court in the Order designate its entry as final by making an express determination that there is no just reason for delay, as required by Tenn. R. Civ. P. 54.02. A non-final order not so certified is interlocutory and not reviewable in this Court. *Town of Collierville v. Norfolk So. Ry.,* 1 S.W.3d 68, 70 Tenn. Ct. App. 1998); *Bayberry Assoc. v. Jones,* 783 S.W.2d 553 (Tenn. 1990). Moreover, defendant failed to set forth a concise issue for review, and we cannot respond to an issue which has not been articulated. There is no evidentiary record available to the Court, other than a transcript of proceedings on March 28, 2003, which is largely a colloquy between counsel and the trial court.

For the foregoing reasons, we dismiss this appeal and remand to the Trial Court, having determined that a final judgment has not been entered in this action.

The cost of the appeal is assessed to Joe Ellis Lyon.

HERSCHEL PICKENS FRANKS, P.J.

[1]The court has ruled in his favor on several motions for additional time, motions to supplement the record, and in a reported case (20 S.W.3d 676 (Tenn. Ct. App. 1999)) vacated an agreed order which defendant claimed he did not agree to, after it was retyped to include modifications that he had orally approved.