IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2004 Session

## DAVID BRUCE MYERS v. TERI LYNNE BROWN MYERS

**Direct Appeal from the Circuit Court for Greene County**
**No. 03CV924      Hon. Ben K. Wexler, Circuit Judge**

**No. E2004-01362-COA-R3-CV  - FILED APRIL 22, 2005**

The Trial Court enforced a mediated Settlement Agreement, reduced to writing and signed by the parties, over the wife's objection.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which SHARON G. LEE, J., and WILLIAM H. INMAN, Sr., J.,  joined.

Douglas R. Beier, Morristown, Tennessee, for appellant.

Dennis Terry Stapleton, Morristown, Tennessee, for appellee.

## OPINION

This action commenced when the husband filed a complaint against the wife for divorce.  During the pendency of the action and on March 22, 2004, the husband filed a Motion to Enforce Mediated Settlement, asserting that the parties had reached an agreement during a six hour mediation session on March 9, which was memorialized by a five page written document drafted by the mediator and signed by the parties and their attorneys.  The husband averred that his counsel was to then draft the Marital Dissolution Agreement, but before it was completed the wife's attorney stated that the wife had changed her mind.  The signed Mediation Agreement was attached as an Exhibit.

The Trial Court conducted a hearing on the Motion on March 29, 2004, and heard

argument from counsel, and the wife's testimony. She testified that she was a 34-year-old teacher, that the parties had two children, and testified as to the parties' income and marital properties and values. She testified that in the mediation they agreed that she would get the house and some land around it, but she felt she was only getting a value of around $200,000.00 and he would be getting land valued at $500-600,000.00. She further testified that after the mediation husband came and attempted to take some antiques that he was not supposed to have, and that the husband refused to give her half of the tax refund as he had agreed to do.

Finally, she concluded that she felt the agreement was unfair, and that the husband had misrepresented her interest in their property, and she was of the opinion that the husband would not uphold his end of the agreement. On cross-examination, the wife admitted that she and her attorney had signed the document, along with her husband and his attorney, and that she had known about all the property in the five months the divorce action was pending before mediation. She testified that she was reluctant to sign the agreement, but decided the following day that it was unfair and that the mediation had been tiring and she felt pressured.

The Trial Court then ruled that the parties mediated and reached an agreement, which was written and signed by the parties, and that in the absence of fraud or mistake the agreement was conclusive. The Trial Court held that while the wife complained of the value of certain real property, her evidence was equivocal. The Court found there was no fraud or mistake by the mediator, and that the wife would have received the family home free of any debt. The Court concluded that the mediation agreement should be enforced. Following the entry of a Final Decree, the wife appealed.

The issue on appeal is whether the Trial Court erred in enforcing the mediated settlement agreement?

Whether the mediated agreement is enforceable is a question of law, and our review of this issue is *de novo* with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

The wife argues that it was improper for the Trial Court to enforce and adopt the parties' mediated agreement settling their property issues because she had withdrawn her consent prior to the hearing before the Trial Court.

The record establishes that the parties entered into mediation (accompanied by their attorneys) and that at the end of the mediation session, an agreement was reached which was put in writing, albeit somewhat informally, and signed by the parties and their attorneys. The wife then withdrew her consent, explaining to the Court that she found out the parties' property was worth more than she thought.

The wife insists that this issue is governed by the Supreme Court's decision in *Harbour v. Brown*, 732 S.W.2d 598 (Tenn. 1987), where the Court held that a consent judgment could not be entered where one party had withdrawn his consent and communicated that fact to the

trial court. In *Harbour,* the parties reached a settlement agreement on the day of trial and announced to the court that they had such an agreement, and that they would submit an order of compromise and dismissal. *Id*. at 599. They did not, however, announce the terms of settlement with the court or place the agreement in the record at that time. Thereafter, the trial court was made aware that one party had withdrawn its consent, but the trial court entered an order dismissing the case with prejudice. *Id*.

> The Supreme Court held this to be error, stating that:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

*Harbour v. Brown*, 732 S.W.2d 598, 599 (Tenn. 1987) (quoting 49 C.J.S. Judgments §174(b)). The Court further explained that the rationale behind the rule is that "a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court", and until entered by the court, either party could repudiate the agreement because of "an actual or supposed defense to the agreement." *Id*. at 599-600.

> The *Harbor* Court reversed the trial court's judgment and remanded the case for hearing. The parties had apparently entered into a written contract on the day of settlement, and upon remand the chancellor found the contract to be enforceable and awarded damages for the breach. *Harbour v. Brown*, 1989 WL 22712 (Tenn. Ct. App. March 17, 1989). This Court affirmed the ruling. *Id.*

> The final result was in accord with the Supreme Court's opinion in *Harbor*, i.e.:

> This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

*Harbour v. Brown*, 732 S.W.2d 598 at 600 (Tenn. 1987). *Cf, Environmental Abatement, Inc. v. Astrum R.E. Corp.,* 27 S.W.3d 530 (Tenn. Ct. App. 2000). (The parties had attended a mediation, and had come to an agreement, but it had not been reduced to writing and signed by the parties. One party withdrew consent to the agreement the next morning, and this Court held the agreement was not enforceable).

> However, the Supreme Court recently reiterated that written and signed mediation agreements must also be "analyzed under contract law", as was recognized both in *Harbour* and *Environmental*. *Ledbetter v. Ledbetter*, 2005 WL 775386 (Tenn. Apr. 7, 2005). Moreover, this Court has previously held that signed, written settlement agreements are enforceable as contracts, under general principles of contract law. *See Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn. Ct. App.

-3-

2001); *Persada v. Persada*, 2002 WL 31640564,(Tenn. Ct. App. Nov. 22, 2002); *Golden v. Hood*, 2000 WL 122195 (Tenn. Ct. App. Jan. 26, 2000).

In this case, the Trial Court held a hearing to determine whether the wife could show fraud, mistake, or duress, or any grounds upon which the Court should invalidate the parties' contract, and found no grounds were shown. The evidence presented was that the wife had simply changed her mind, and as with any written contract, one cannot be released from one's obligations thereunder simply due to a change of heart. *Smithart v. John Hancock Mut. Life Ins. Co.*, 71 S.W.2d 1059, 1063 (Tenn. 1934). For the foregoing reasons, we affirm the Judgment of the Trial Court which enforced the Mediation Contract between the parties.

The cost of the appeal is assessed to Teri Lynn Brown Myers.

_____
HERSCHEL PICKENS FRANKS, P.J.