IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 10, 2005 Session

## JULIE ANN NAHON v. ISAAC NAHON

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004317-03     Robert L. Childers, Judge**

---

**No. W2004-02023-COA-R3-CV - Filed December 14, 2005**

---

Plaintiff Julie Nahon ("Plaintiff") filed for divorce from Defendant Isaac Nahon ("Defendant"). The parties later entered into a Marital Dissolution Agreement ("MDA") whereby Defendant agreed to obtain a loan and pay off certain marital debts. Four days later, Defendant repudiated the MDA after failing to obtain his anticipated loan. Plaintiff sought to enforce the MDA as a contract. The trial court held that the MDA was a valid and enforceable contract, and subsequently incorporated the MDA into the parties' Final Decree of Absolute Divorce. Defendant appealed. Defendant subsequently failed to adhere to the financial obligations set forth in the Permanent Parenting Plan and MDA. As a result, Plaintiff filed several contempt petitions against Defendant. The trial court eventually entered an Order on Petition for Contempt against Defendant which granted Plaintiff final and enforceable judgments against Defendant for all delinquent obligations under the Permanent Parenting Plan and MDA. Defendant now appeals both the final divorce decree and the Order on Petition for Contempt. For the reasons set forth below, we reverse in part and affirm in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in part;**
**Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

William E. Miller, Cordova, Tennessee, for the appellant, Isaac Nahon.

Mitchel D. Moskovitz and Jason A. Creech, Memphis, Tennessee, for the appellee, Julie Ann Nahon.

### OPINION

### Factual Background and Procedural History

Plaintiff Julie Nahon ("Plaintiff") filed for divorce from Defendant Isaac Nahon ("Defendant") on August 4, 2003, citing grounds of inappropriate marital conduct and irreconcilable differences. Defendant subsequently filed an Answer and Counter-Complaint also

alleging inappropriate marital conduct and irreconcilable differences. On March 31, 2004, the parties consented to a Permanent Parenting Plan whereby Defendant agreed to pay $1,201 per month in child support as well as one-half of the minor children's private school tuition. Trial was set for June 21, 2004, for the remaining financial issues. However, on May 28, 2004, the parties attended a settlement conference and executed a Marital Dissolution Agreement ("MDA") resolving all remaining financial issues. In the MDA, Defendant agreed to obtain a loan and pay off approximately $138,520 of marital debt.

Defendant subsequently withdrew his consent to the MDA on June 1, 2004, due to his apparent inability to obtain a loan. Plaintiff subsequently filed a motion to enforce the MDA, and, on June 21, 2004, the trial court held an evidentiary hearing to determine the validity of the MDA. At this hearing, Defendant argued that the MDA should be set aside because, due to his inability to obtain appropriate financing, Defendant could no longer comply with the conditions set forth in the agreement. Defendant also asserted that the MDA was not enforceable as a contract because the granting of an irreconcilable differences divorce to Plaintiff was a condition precedent to the enforceability of the contract, and Defendant no longer agreed to a divorce on such grounds. The trial court rejected Defendant's proffered arguments and defenses and found the MDA enforceable as a contract. Plaintiff then stipulated that Defendant was entitled to a divorce on the grounds of inappropriate marital conduct. A Final Decree of Absolute Divorce was subsequently entered on July 14, 2004, providing as follows:

> 1. DIVORCE. Based upon [Plaintiff's] sworn stipulation, [Defendant] shall be granted a divorce on the grounds of inappropriate marital conduct. The parties shall be restored to the status of unmarried persons.
>
> 2. MARITAL DISSOLUTION AGREEMENT. This Honorable Court expressly finds that the Marital Dissolution Agreement executed by [Defendant] and [Plaintiff] on May 28, 2004[,] is a valid, enforceable contract. The Marital Dissolution Agreement is specifically made a part of this Final Decree, and is incorporated herein by reference, as if set forth herein, verbatim.

Defendant appealed on August 13, 2004.

After the entry of the final divorce decree, Plaintiff issued several contempt petitions against Defendant due to Defendant's failure to adhere to provisions set forth in the Permanent Parenting Plan and MDA. On October 11, 2004, the trial court entered an Order on Petition for Contempt containing the following findings and provisions:

> 1. [Defendant] was in criminal contempt for his failure to pay child support, despite having the ability to do so, but [Defendant] has purged his contempt by paying said child support one day prior to the hearing in this cause.
> 2. [Defendant] is hereby ordered to pay the mortgage payments to [Plaintiff] for the real property located at 825 Merrywood Glen in the amount of

$877.70 per month, for the months of July, August[,] and September[] 2004. Said total amount of $2,633 shall immediately be reduced to judgment against [Defendant], for all of which let execution issue.

3. [Defendant] shall vacate the residence located at 825 Merrywood Glen no later than 5:00 p.m. on September 30, 2004.

4. [Defendant's] obligation to [Plaintiff], pursuant to the Marital Dissolution Agreement, to insure that all mortgages for the real property located at 825 Merrywood Glen, 3394-96 Sunnyfield[,] and 3542 Powell were current as of June[] 2004[,] is hereby reduced to judgment against [Defendant] as follows:

- [Plaintiff] shall be entitled to a judgment in the amount of $1,889.16 for [Defendant's] willful failure to pay the mortgage payments owed on 825 Merrywood Glen;
- [Plaintiff] shall be entitled to a judgment in the amount of $1,440.32 for [Defendant's] willful failure to pay the mortgage payments owed on 3394-96 Sunnyfield; and
- [Plaintiff] shall be entitled to a judgment in the amount of $1,743.72 for [Defendant's] willful failure to pay the mortgage payments owed on 3542 Powell, for all of which let execution issue.

Said total amount of $5,073.20 shall be paid by [Defendant] immediately.[1]

5. [Plaintiff] shall be entitled to a judgment in the amount of $3,314.00 against [Defendant] for which let execution issue. Said judgment reflects [Defendant's] obligation to pay one-half of the children's private school tuition at Lausanne, which [Defendant] has failed to pay.

6. [Plaintiff] shall be awarded an attorney fee in the amount of $2,500.00. [Defendant] shall have thirty (30) days to pay said attorney fee. Said attorney's fee shall be in the nature of child support.

7. Counsel shall provide the court with authority (case law) indicating that [Defendant] may be held in civil contempt for failing to pay those amounts referenced in paragraph four (4) herein above.

Defendant subsequently filed an Amended Notice of Appeal appealing both the Final Divorce Decree and the Order on Petition for Contempt.

**Issues Presented**

We perceive the issues in this case to be whether the trial court erred in enforcing the Marital Dissolution Agreement and incorporating it into the Final Decree of Absolute Divorce; and, whether the trial court erred in entering the Order on Petition for Contempt after Defendant failed to adhere to the provisions of the Permanent Parenting Plan and MDA as incorporated into the final divorce decree. For the reasons set forth below, we reverse in part and affirm in part.

---

[1]This sentence originally continued on to say "and [Defendant] shall be incarcerated until such time as said amount is paid." However, the trial judge crossed out this portion of the written order before officially entering it.

**Standard of Review**

The issues presented in this appeal are issues of law. The standard of review for this Court on issues of law is *de novo*, with no presumption of correctness afforded to the conclusions of the court below. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn R. App. P. 13(d) (2005).

**Analysis**

In his brief, Defendant argues that the trial court erred in incorporating the MDA into the Final Decree of Absolute Divorce because Defendant had previously repudiated the MDA and communicated this to Plaintiff and the court. We agree. We find the facts in this case analogous to those presented before this Court in *Barnes v. Barnes*, No. W2004-01426-COA-R3-CV, 2005 WL 517536 (Tenn. Ct. App. March 4, 2005), *perm. app. granted* Aug. 22, 2005. In *Barnes*, the husband and wife entered into an MDA in contemplation of a divorce on the grounds of irreconcilable differences. *Id.* at *1. The husband later repudiated the MDA and sought to set it aside. *Id.* In response, the wife filed a "Motion to Enforce Marital Dissolution Agreement" alleging that the MDA was valid under principles of contract law. *Id.* at *1-2. At trial, the court found the MDA enforceable as a contract and subsequently incorporated it into the final divorce decree. *Id.* at *3. In addressing the trial court's action on appeal, this Court noted that

> [t]o the extent that [a] Final Decree adopts [an] MDA, it is a consent judgment (i.e. the division of marital property and debt is, in fact, an enforcement of the agreement between [the] parties as evidenced by the MDA). Consequently, it appears to this Court that the real issue presented by this appeal is whether the trial court was in a position to enter a valid consent judgment when it readily appears, from the record, that there was no agreement between the parties at the time the judgment was entered.

*Barnes*, 2005 WL 517536, at *3. In finding that the trial court erred by incorporating the MDA into the final divorce decree, this Court cited to the Tennessee Supreme Court's decision in *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn. 1987), which held that a trial court cannot enter a consent judgment based upon a settlement agreement when the court has prior notice that one of parties has repudiated the agreement. *Barnes*, 2005 WL 517536, at *4 (citing *Harbour*, 732 S.W.2d at 260). Specifically, the Justices in *Harbour* noted that

> [t]he resolution of disputes by agreement of the parties is to be encouraged. But a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment. (citations omitted).

. . . .

In making reference to the general rule in *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), the court emphasized that:

> A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the judgment of the court.
>
> The reason for this rule is that a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of the record by the court. (citations omitted).

*Harbour*, 732 S.W.2d at 599-600.

In the case at bar, the record clearly shows that Defendant repudiated the MDA and communicated this fact to the trial court before the court granted the Final Decree of Absolute Divorce incorporating the MDA. As a result, we find that the trial court lacked the legal authority to enter a consent judgment based upon the provisions contained within the MDA. Despite this, Plaintiff asserts that the MDA is nonetheless enforceable under contract principles and cites to the holding by the Eastern Section of this Court in *Persada v. Persada*, No. E2002-00397-COA-R3-CV, 2002 WL 31640564 (Tenn. Ct. App. Nov. 22, 2002)(*no perm. app. filed*), for the proposition that marital dissolution agreements are independently enforceable contracts subject only to limited contractual defenses, such as fraud or duress. We decline to follow this line of reasoning.

As recently discussed by the Middle Section of this Court in *Altman v. Altman*, No. M2003-02707-COA-R3-CV, 2005 WL 819733 (Tenn. Ct. App. April 7, 2005)*, perm. app. denied* (Tenn. Aug. 22, 2005),

> [m]arital dissolution agreements are contracts. *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001); *Wade v. Wade*, 115 S.W.3d 917, 924 (Tenn. Ct. App. 2002). They provide a vehicle for divorcing parties to, among other things, provide "for the equitable settlement of property rights between the parties." *See* Tenn. Code Ann. § 36-4-103(b) (2001). While these contracts become absolutely binding and enforceable **after** approval by the trial court, this [C]ourt has recognized that parties may be permitted to withdraw from these agreements before they have been approved by the court, as long as one or both parties have not relied on the agreement to their detriment. *Denbow v. Denbow*, No. 02A01-9410-CH-00238, 116 WL 243894, at *1-2 (Tenn. Ct. App. May 9, 1996) (No Tenn. R. App. P. 11 application filed); *Sutton v. Sutton*, No. 03A01-9309-CH-00315, 1994 WL 108927, at *1 (Tenn. Ct. App. Mar. 31, 1994) (No Tenn. R. App. P. 11 application filed).

*Id.* at *2 (emphasis added). *But see Persada*, 2002 WL 31640564, at *1-2. As previously noted, the facts in this case show that Defendant repudiated the MDA four days after signing it and subsequently communicated this repudiation to the trial court before any judicial approval of the agreement was given. Furthermore, the record in this case contains no evidence showing that Plaintiff relied on the MDA to her detriment. As a result, we find that no binding or enforceable agreement was formed in this case and hereby reverse the trial court.

In his final argument, Defendant asserts that this Court should also vacate the Order on Petition for Contempt entered by the trial court on October 11, 2004, reducing Defendant's delinquent debts to Plaintiff under the MDA and Permanent Parenting Plan to lump sum judgments. Although entitled as an "Order on Petition for Contempt," we find that this order failed to place Defendant in either civil or criminal contempt as recognized under Tenn. Code Ann. §§ 29-9-102 through 104. Rather, the order seeks to enforce provisions contained within the Permanent Parenting Plan and MDA by granting Plaintiff final judgments for overdue financial obligations resulting from the said agreements. Having already concluded that the MDA is unenforceable, we hereby vacate the provisions of the said order seeking to enforce obligations created under the MDA. However, judgments resulting from violations of the Permanent Parenting Plan are affirmed.

This case is remanded for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed to the Appellee, Julie Ann Nahon.

_____
DAVID R. FARMER, JUDGE

-6-