IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

### KNOXVILLE, SEPTEMBER TERM, 1896.

PRATT *v.* GILLESPIE.

(*Knoxville.* September 19, 1896.)

1. SUPREME COURT. *Bill of exceptions.*

This Court cannot, on the hearing of a law case, look to the evidence, though copied into the transcript, unless it has been made part of the record by bill of exceptions. (*Post, pp. 218, 219.*)

Cases cited and approved: Bank *v.* Lowe, Meigs, 225; McKeel *v.* Bass, 5 Cold., 151; Railroad *v.* Foster, 88 Tenn., 671; Marble Co. *v.* Black, 89 Tenn., 119; State *v.* Hawkins, 91 Tenn., 140.

Cited and distinguished: Stadler *v.* Hertz, 13 Lea, 318.

2. SAME. *Presumption in absence of bill of exceptions.*

In the absence of a bill of exceptions showing the evidence submitted in the Court below, this Court presumes conclusively

Pratt v. Gillespie.

that it was sufficient to justify the judgment rendered. (*Post*, *p. 219.*)

Cases cited and approved: Kincaid v. Bradshaw, 6 Bax., 102; Phillips v. Phillips, 5 Lea, 451; Scruggs v. Heiskell, 95 Tenn., 455.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County. JOHN A. MOON, J.

E. M. DODSON for Pratt.

THOMAS, ELDER & THOMAS for Gillespie.

CALDWELL, J. William Gillespie sued E. W. Jenkins and M. A. Pratt before a Justice of the Peace, the warrant reciting that the action was based upon a promissory note. The Justice of the Peace rendered judgment against both of the defendants, and Pratt appealed to the Circuit Court. The presiding Judge of the latter tribunal tried the case without a jury, and pronounced a judgment against Pratt for $275.65 and costs. Pratt has appealed in error to this Court. He insists upon a reversal of the judgment below because, as he contends, "the note sued on is not signed nor indorsed by him, nor is there anything in the record to connect him with it in any way."

If it be true that Pratt neither signed nor in-

dorsed the note, and that he was not otherwise connected with it, he ought not to be required to pay it. But what the real facts in that behalf are, this Court is unable to learn, there being no bill of exceptions in the case. It is true that what seems to be a note, made by E. W. Jenkins and Mattie Jenkins to William Gillespie, and with which Pratt does not appear to have any connection, is copied into the transcript before us, yet we cannot consider it, because it is not made a part of the record by bill of exceptions. *Union Bank* v. *Lowe*, Meigs, 225; *McKeel* v. *Bass*, 5 Cold., 151. To the same effect are the later cases of *Railway Cos.* v. *Foster*, 88 Tenn., 671; *Marble Co.* v. *Bloch*, 89 Tenn., 119; *State* v. *Hawkins*, 91 Tenn., 140, and other cases therein cited.

The case of *Stadler* v. *Hertz*, 13 Lea, 318, is not in conflict. The Court held in that case that a note made the basis of a bill in equity and "filed as evidence," became a part of the record without a bill of exceptions, but that holding was expressly placed upon a rule of chancery practice which has no application in a Court of Law.

In the absence of a bill of exceptions, showing the evidence submitted in the Court below, this Court presumes, conclusively, that it was sufficient to justify the judgment of the trial Judge. *Kincaid* v. *Bradshaw*, 6 Bax., 102; *Phillips* v. *Phillips*, 5 Lea, 451; *Scruggs* v. *Heiskell*, 95 Tenn., 455.

Affirmed.