JOSEPH BEARMAN

*v.*

NINA CAMATSOS.

385 S.W.2d 91.

(*Jackson*, April Term, 1964.)

Opinion filed December 11, 1964.

CARUTHERS EWING, ELIZABETH EVANS and ERICH W. MERRILL, Memphis, guardian ad litem, for petitioner.

CHARLES H. O'BRIEN, R. L. PEARSON, Memphis, for respondent.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This is an issue *devisavit vel non*. The jury decided that the Memphis will was the will of the testator, John George Camatsos. Their verdict was concurred in by the Circuit Judge. On appeal the Court of Appeals in a divided court reversed and remanded. We granted certiorari, and, after hearing argument, reading the many briefs and authorities there cited, and making an extensive independent investigation, we now have the matter for disposition.

John George Camatsos, the testator, was of Greek birth but a naturalized American citizen. He resided in Memphis, Tennessee, and had considerable holdings there. On one of his visits to Greece he married the respondent, Nina Camatsos. She came to Memphis with her husband, remained for a short time and then returned to Greece.

In May of 1956 the testator made a will in Shelby County, Tennessee, (herein called the Memphis will), leaving one-third of his gross estate to his wife and the remaining two-thirds, out of which all expenses were to be paid, to other named beneficiaries and charities. Shortly after he made this will he went to Greece on a visit where his health became impaired and he died. Prior to his death, however, he executed a will (called the Greek will herein) which left his entire estate to his wife. At this time he also executed a separate document revoking specifically the Memphis will.

After the death of the testator, the petitioner, who was named executor under the Memphis will, filed that

will for probate in common form in the Probate Court of Shelby County, Tennessee. At the same time the respondent filed, as an answer to the probate proceedings instituted by the petitioner, a certified copy of the Greek will, the revocation document, and an alleged certified copy of the probate proceedings in Greece, seeking to probate the Greek will in Tennessee by ancillary probate under sec. 32-501 et seq., T.C.A.

In response to these actions by the parties the Probate Court of Shelby County, Tennessee, certified the cause to the Circuit Court for a trial on the issue *devisavit vel non* with a jury. After some preliminary sparring with pleadings, the issue came on to be tried and the jury found that the true will of the testator was that known herein as the Memphis will. During the course of the trial a copy of the Greek will was excluded from any consideration by the jury because it was not, according to the trial judge, properly certified. The trial court did, however, allow the jury to consider a copy of the revocation agreement.

The parties stipulated during the course of the trial that the deceased, John George Camatsos, was a naturalized American citizen at the time of his death in 1958; and that his legal residence was Shelby County, Tennessee. It was further stipulated that he was temporarily residing in Greece at the time of his death.

We have recognized a number of times the validity of an oral stipulation made during the course of a trial. *Shay v. Harper*, 202 Tenn. 141, 303 S.W.2d 335. Further, an open court concession by the attorneys in the case constitutes a binding stipulation in this State. *Phelan v. Phelan*, 43 Tenn.App. 376, 309 S.W.2d 387.

■ When a party makes a concession or adopts a theory by stipulation and his cause of action is determined on this concession or theory, then that party must abide by his decision even on appeal by certiorari. *Lewis & Sons v. Ill. Cent. R. Co.,* 150 Tenn. 94, 259 S.W. 903; *Stearns v. Williams,* 12 Tenn.App. 427.

These stipulations will be rigidly enforced by the courts of this State. *State ex rel Weldon v. Thomason,* 142 Tenn. 527, 221 S.W. 491; *Tucker v. International Salt Co.,* 209 Tenn. 95, 349 S.W.2d 541.

■ Accordingly, the oral stipulation by the parties that the legal residence of the testator was Shelby County, Tennessee, controls and is binding on this appeal.

■■ Legal residence means the same thing as domicile. A person may have two or more residences but only one domicile, or legal residence. *Boone v. Boone,* 3 Tenn. App. 141; *Howell v. Moore,* 14 Tenn.App. 594; *Middle Tenn. Electric Membership Corp. v. State ex rel. Adams,* 193 Tenn. 513, 246 S.W.2d 958; *State ex rel. Sprague v. Bucher,* 38 Tenn.App. 40, 270 S.W.2d 565; *Snodgrass v. Snodgrass,* 49 Tenn.App. 607, 357 S.W.2d 829.

■ Therefore, for the purposes of this appeal, the testator was domiciled in Shelby County, Tennessee. It is urged by the respondent that the Tennessee ancillary probate of foreign wills statute (Sec. 32-501 et seq., T.C.A.) applies notwithstanding the domicile of the testator. This contention is based upon the following wording as found in sec. 32-503, T.C.A.:

"If upon the hearing, it appears to the satisfaction of the court that the will has been duly proved, allowed and admitted to probate outside of the state, and that it was executed according to the law of the

place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, which probate shall have the same force and effect as the original probate of a domestic will."

At first glance, this wording seems to sustain, by a literal interpretation, the contention of the proponents of the Greek will. However, when one examines the interpretation placed upon this and similar statutes from sister states, it becomes evident that such is not the case.

"A statute providing for the probate or record of a will duly allowed and proved elsewhere than in the state ordinarily applies only in case of a foreign will; and, therefore, a will made in one state or country by a resident of another state or country is probatable in the latter state or country as a domestic, and not as a foreign, will, although it has been proved and allowed in the state or country where made, * * *." 95 C.J.S. Wills sec. 350, p. 198.

"In other words, in the absence of statute providing otherwise, a jurisdiction other than the testator's domicile cannot grant an independent or original probate of a will, and on the other hand, a jurisdiction of the testator's domicile cannot grant ancillary probate based on foreign probate, nor is it authorized or required, under its duty, to give full faith and credit to the judgment of other states, to permit the will of one of its residents to be probated first in another state and then grant ancillary administration within the state on the foreign record." 95 C.J.S., supra.

Previous cases in this State indicate that our position is in accord with the rule above stated with respect to the

foreign probated wills of a legal resident of Tennessee. *In re De Franceschi's Estate,* 17 Tenn.App. 673, 70 S.W. 2d 513, and others.

In 1938 we stated that the object of these statutes (Sec. 32-501 et seq., T.C.A.) was to avoid the difficulty that often occurred by reason of the original will being lodged as a permanent record in the court of the testator's domicile and preventing its removal to other states for probate where testator left property that passed under the will. But the application of this statute did not impair, in any degree, the jurisdiction of the County Court over the probate of an original will. *Woodfin v. Union Planters Nat'l Bank & Trust Co.,* 174 Tenn. 367, 125 S.W.2d 487. It would have therefore been proper for the Probate Court of Shelby County to have granted an original probate of this Greek will had it complied with our statutes and legal requirements for a domestic will under sec. 32-201, T.C.A., which reads:

"Wills shall be proved and recorded and letters testamentary granted in the county court of the county where the testator had his usual residence at the time of his death, or, in case he had fixed places of resident in more than one (1) county, in either or any of said counties."

Although it is commonly referred to as a contest, the trial of an issue *devisavit vel non* in the Circuit Court is an original proceeding to probate a will. *Cude v. Culberson,* 30 Tenn.App. 628, 209 S.W.2d 506. This proceeding amounts to the probate of the will in solemn form. *Arnold v. Marcom,* 49 Tenn.App. 161, 352 S.W.2d 936. It follows, then, that the contest of the will herein has amounted to a probate proceeding in solemn form in compliance with sec. 32-201, T.C.A. supra.

If the trial judge committed any error by failing to allow the jury to consider the alleged copy of the Greek will it was harmless error since he allowed the jury to consider a copy of the separate revocation document executed by the testator on the same day as the will. Thus the jury had this document before them when they decided that it and the Greek will were not the free will executions of the testator and therefor invalid.

This finding of the jury is presumed to be supported by evidence since nothing to the contrary can be gleaned from the skeleton summary of the record before us.

"In the absence of a bill of exceptions, showing the evidence submitted in the court below, this court presumes conclusively that it was sufficient to justify the judgment of the trial judge." *Pratt v. Gillespie,* 97 Tenn. 217, 36 S.W. 1097; *Freeman v. Freeman,* 197 Tenn. 75, 270 S.W.2d 364; *Findlay v. Monroe,* 196 Tenn. 690, 270 S.W.2d 325.

When two wills are offered for probate and the applications are consolidated, submission of both for determination as to whether one or the other is the true will is the correct procedure. *Lillard v. Tolliver,* 154 Tenn. 304, 285 S.W. 576; *Durell v. Martin,* 172 Tenn. 97, 110 S.W.2d 316. Clearly the bringing in of this attempted revocation of the Memphis will by the respondent, and its being submitted to the jury along with what must have been evidence pro and con in view of their finding on the question, unquestionably constituted a contest.

When the Probate Court of Shelby County certified the two wills to the Circuit Court on an issue *devisavit vel non* it was acting in accordance with our laws and such action constituted no error.

We are of the opinion, therefore, that the judgment of the Court of Appeals should be reversed, and the judgment of the Circuit Court reinstated, and the costs taxed accordingly.