

**FILED**

**May 14, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:00 PM**

## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee:  LaToya Dorsey | ) | Docket No.  2015-01-0017 |
| | ) | |
| Employer: Amazon.com, Inc. | ) | State File No.  7541-2015 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| LaToya Dorsey | | | | | X | LatoyaWilson73@yahoo.com |
| Kristen Stevenson | | | | | X | Kcstevenson@mijs.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov

**FILED**

May 14, 2015

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

Time: 1:00 PM



### TENNESSEE DIVISION OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: LaToya Dorsey | ) | Docket No. 2015-01-0017 |
| | ) | |
| Employer: Amazon.com, Inc. | ) | State File No. 7541-2015 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

**Affirmed in Part, Vacated in Part
and Remanded – Filed May 14, 2015**

## OPINION AFFIRMING IN PART, VACATING IN PART, AND REMANDING
## INTERLOCUTORY ORDER OF COURT OF
## WORKERS' COMPENSATION CLAIMS

The employee alleged that repetitive work activities after her return to work in May 2014 caused or aggravated symptoms in her right wrist and arm. The employer provided a panel of physicians, from which the employee selected Workforce as the authorized provider. Employee was examined by a nurse practitioner and a physician at Workforce, but the opinion concerning causation was rendered and signed by the nurse practitioner. Five days later, the employer denied the claim based on "no medical evidence of a work-related injury per panel physician." Following an expedited hearing, the trial court concluded that the employer did not comply with statutory provisions regarding a panel of physicians and ordered the employer to provide a new panel of physicians to the employee. Having carefully reviewed the record, we affirm the trial court's exercise of jurisdiction, vacate the trial court's order for a new panel of physicians, and remand the case to the Court of Workers' Compensation Claims.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

1

Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellant, Amazon.com, Inc.

LaToya Dorsey, Chattanooga, Tennessee, *pro se*

## Factual and Procedural Background

The employee, LaToya Dorsey ("Employee"), is a 42 year-old resident of Hamilton County, Tennessee. She is employed by Amazon.com ("Employer") as a "stower," which requires her to use a hand scanner to scan totes, items, and storage bins. The hand scanner weighs approximately two pounds and requires a triggering action to activate the scanner. Employee testified that she uses the hand scanner between 800 and 1,500 times per shift. She is right hand dominant.

Beginning in 2013, Employee experienced pain and symptoms in her right hand and wrist while working for Employer. She was on medical leave for approximately one year and returned to work in May 2014. Employee testified that "within a couple of months [of returning to work], I was starting to feel the same pain all over again in my wrist, which is now going . . . towards my elbow." The parties stipulated and the trial court accepted as a stipulation that the date of the alleged work injury was December 21, 2014. The Petition for Benefit Determination also lists December 21, 2014 as the date of injury.

Following the filing of the Petition for Benefit Determination, the parties were unable to reach a compromise and a Dispute Certification Notice ("DCN") was filed on March 9, 2015. The only issues listed on the DCN were: (1) "whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer" and (2) "whether Employee sustained an injury in the course of employment with Employer." The parties were given an opportunity to include additional issues and the mediator certified that "none of the parties submitted a list of additional issues for inclusion in this dispute certification notice after a copy of the notice was provided to the parties."

On March 9, 2015, Employee filed a Request for Expedited Hearing and requested an in-person, evidentiary hearing. The hearing occurred on April 6, 2015. At the expedited hearing, the parties stipulated, and the trial court accepted as stipulations, that Employer provided a "proper" or "legally compliant" panel of physicians and that "Workforce" was selected by Employee as the authorized medical provider. On April 17, 2015, the trial court issued an interlocutory order. The trial court concluded that "the medical records admitted into evidence do not contain medical expert opinion establishing that the conditions in Ms. Dorsey's right hand and wrist arose primarily out

2

of and in the course and scope of her employment." However, the trial court further found that Employer failed to provide Employee a sufficient panel because the employer included on its panel "a facility where the injured worker is primarily examined and treated by a non-physician practitioner." As a result, the trial court ordered Employer to "offer [Employee] a panel of physicians who practice in the fields of orthopedics or hand surgery for future treatment and examination of the right hand and wrist symptoms, if any, that are related to the repetitive work that she performed on and after she returned to [Employer] in May, 2014." The court also concluded that it had jurisdiction to hear the dispute since Employee "testified that she began missing work due to right hand and wrist symptoms in January, 2015." Employer timely filed its Notice of Appeal and the case was submitted to the Clerk of the Appeals Board on May 7, 2015.

**Standard of Review**

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision may be reversed or modified and remanded "if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

3

## Analysis

### *Jurisdiction of the Court*

In its Brief in Support of Request for Appeal of Expedited Hearing Order, Employer included as a disputed issue "whether the court erred in finding that the court has jurisdiction of the claim." Yet, in its pre-hearing statement, Employer did not raise the issue of jurisdiction. Instead, Employer reiterated the "contested issues" as reflected on the DCN, which did not include jurisdiction. Employer did not assert in its pre-hearing statement that Employee's claim was not subject to post-July 1, 2014 statutes. Moreover, during the course of the expedited hearing, counsel for Employer did not expressly challenge the court's authority to hear the case, but merely commented that "the statute of limitations may be an issue, as well as venue, if we're dealing with a 2013 claim." Counsel then stated that Employee was not entitled to temporary disability benefits since there was no medical proof of a physician restricting her from work "arising out of the December 21, 2014, injury that we're here on today." Finally, and perhaps most telling, Employer stipulated during the expedited hearing that the date of the alleged injury was December 21, 2014.

A stipulation is an agreement between the parties regarding business before the court. It is entered into mutually and voluntarily. A stipulation obviates the need for evidence regarding the stipulated matter. Although the parties may not stipulate to questions of law, stipulations within the range of possibly true facts and valid legal strategies are allowed. On appeal, stipulations are binding on the parties and may not be altered. *Bearman v. Camastos*, 385 S.W.2d 91, 93 (Tenn. 1964); *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 701 (Tenn. Ct. App. 1999).

In the present case, the stipulation concerning the date of injury is binding on the parties and the court. This stipulated fact, combined with Employee's allegation that her work activities after July 1, 2014 caused or aggravated her condition, establishes that the trial court properly exercised jurisdiction over this case.

### *Sufficiency of the Panel of Physicians/Employer's Denial of Claim*

As discussed above, the DCN listed the contested issues in the case. It did not include whether the panel of physicians given to Employee was legally sufficient. In accordance with Tennessee Code Annotated section 50-6-239(b), issues not listed on the DCN may not be presented for adjudication unless the trial court makes express findings that the parties did not have knowledge of the issue prior to the issuance of the DCN; that the parties could not have known of the issue despite reasonable investigation; and that prohibiting presentation of the issue would result in substantial injustice to the petitioning party. Tenn. Code Ann. § 50-6-239(b)(1) & (2) (2014). The preconditions to raising issues other than those identified on the DCN have not been met in this case.

4

Moreover, at the expedited hearing, the parties stipulated, and the trial court accepted as a stipulation, that the panel provided to Employee was "proper" and "legally compliant." The legal sufficiency of the panel provided to Employee was not ripe for adjudication at the expedited hearing. *See Bearman*, 385 S.W.2d at 93. Therefore, the trial court's order for a new panel of physicians is vacated.

Nevertheless, Employer listed no valid basis for denial of this claim on its Form C-23, Notice of Denial, submitted to the Division on or about February 16, 2015. The medical records from Workforce, introduced without objection as Exhibit 8, do not contain an opinion from a physician regarding causation, as alleged in Employer's Notice of Denial. The opinion of the nurse practitioner, as indicated on Employer's "Health Care Provider Request for Medical Information" form, dated February 11, 2015, did not and could not provide a valid basis for denial of the claim based on causation. *See, e.g., Hinson v. Claiborne & Hughes Health Ctr.*, No. M2006-02306-COA-R3-CV, 2008 Tenn. App. LEXIS 105, at *15 (Tenn. Ct. App. Feb. 26, 2008) ("a nurse is not an expert who can testify as to medical causation"). Therefore, since Employee received a "legally compliant" panel and selected a provider from that panel, that provider remains Employee's authorized provider for purposes of this claim.

Finally, Employer alleges in its Brief in Support of Request for Appeal of Expedited Hearing Order that the Workforce physician, Dr. Jayant Eldurkar, has issued a report addressing causation. That report is not part of this record and we will not speculate as to its contents or its impact, if any, on this case. This matter will be remanded to the trial court for further proceedings as may be necessary.

## Conclusion

The trial court properly exercised jurisdiction in this case based on: (1) the parties' express stipulation to a date of injury after July 1, 2014; (2) Employee's allegation that work activities after July 1, 2014, caused or aggravated her condition; and (3) Employer's failure to raise the issue of jurisdiction in the Dispute Certification Notice and/or any pre-hearing statements. Moreover, since the parties expressly stipulated that the panel of physicians provided to Employee was legally compliant, and Employee selected a provider from that panel, the selected provider remains Employee's authorized provider. Therefore, the trial court's order for a new panel of physicians is vacated and this matter is remanded for further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

5