IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2024 Session

## BRANT HEATH GRIMM v. MICHELLE LESTER GRIMM

Appeal from the Chancery Court for Hawkins County
No. 2022-CH-204    Douglas T. Jenkins, Chancellor
_____

No. E2024-00442-COA-R3-CV
_____

A husband filed for divorce from his wife in 2022. Just before they were set to go to trial in July of 2023, the parties settled their divorce and announced their agreement to the trial court. Before the written consent judgment could be entered, however, the wife filed a notice revoking her consent to the agreement. The trial court entered the judgment regardless, and the wife later filed a motion to set that judgment aside. The trial court denied the wife's motion, and she appealed to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Jerry J. Fabus, Jr., Johnson City, Tennessee, for the appellant, Michelle Lester Grimm.

Jeremy E. Harr, Kingsport, Tennessee, for the appellee, Brant Heath Grimm.

## OPINION

### BACKGROUND

On September 21, 2022, Brant Heath Grimm ("Husband") filed a complaint for divorce from Michelle Lester Grimm ("Wife") in the Chancery Court for the Third Judicial District at Rogersville, Hawkins County, Tennessee (the "trial court"). The record contains no answer to the complaint. Wife's counsel withdrew on December 7, 2022, and attorney Julie R. Canter was substituted. On July 6, 2023, Husband filed a Statement of Anticipated Income and Expenses with an appendix containing his proposed property distribution. Pursuant to this proposed distribution, Wife received the unencumbered marital home, a

Chevrolet Tahoe, a Ford Ranger, a SCAG lawnmower, and several smaller pieces of personal property. Husband received all remaining real and personal property.

Although there is no transcript of the proceedings in the record, it is undisputed that the parties appeared for trial on July 7, 2023. However, while waiting to begin, the parties settled. Their attorneys announced to the trial court that the parties reached an agreement resolving all issues. Husband alleges that at the July 7, 2023 hearing, the parties testified: (1) that they agreed to be divorced on stipulated grounds; and (2) that they agreed to the equitable distribution and division of their marital property. The trial court found that the agreement was a fair and equitable distribution of the parties' property and approved the agreement.

However, on July 10, 2023, before their agreement could be reduced to writing, Wife filed a Notice of Revocation of Consent to Proposed Settlement Agreement and/or Marital Dissolution Agreement. Then, on July 11, 2023, Wife's counsel filed a motion to withdraw which the trial court granted in an order entered July 12, 2023. This order also granted Wife sixty days to find substitute counsel. On September 6, 2023, Wife's current counsel filed a notice of appearance.

On July 17, 2023, Husband filed a response to Wife's notice of revocation, arguing that

1. The parties stated under oath that they had a full and final resolution as to the divorce.
2. Attorney for [Husband] recited the complete terms of the divorce, and the Court divorced the parties upon the stipulated grounds.
3. This Honorable Court approved the announcement of the divorce on this day.

According to Husband, the parties were due back in court on September 19, 2023. Wife contends, however, that she never received notice of a hearing and only learned of the hearing when a friend saw Wife's case on the docket on September 19 and called Wife. Despite Wife's absence, the trial court entered a final decree of divorce on September 19, 2023. In relevant part, the judgment provides:

THIS CAUSE came on to be heard on the 7th day of July 2023, before the Honorable Douglas T. Jenkins, holding the Chancery Court for Hawkins County at Rogersville, Tennessee and upon [Husband's] Complaint for Divorce and record as a whole, the Court finds [Wife] was properly served with process and that all procedural and jurisdictional requirements have been satisfied.

The Court further finds that the parties announced to the Court a full settlement of their case. The parties have agreed to be divorced under oath on stipulated grounds and [Wife] shall receive marital home, which is unencumbered on Goshen Valley Road, her Chevrolet Tahoe, Ford ranger, SCAG lawnmower, and a home repair tool kit. Husband shall receive as his sole and separate property all remaining, real and personal property. Each party shall execute whatever documents necessary to transfer titles for vehicle equipment or property. No alimony.

The Court finds that this is a fair and equitable distribution of the parties' property and debts, and further that the same should be approved by the Court. The Court further finds that the parties stipulate that each is entitled to a divorce from the other, on stipulated grounds, and that the parties should be declared divorced each from the other on stipulated grounds. The Court further finds that [Husband] and [Wife] were under oath and agreed to the above terms.

In a handwritten note on the September 19, 2023 order, the trial court also found that Wife knew of the hearing date and was not present.

On October 12, 2023, Wife filed a document titled "Motion for Rule 60 Motion to Set Aside Judgment," arguing that Wife did not receive any notice of the September 19, 2023 hearing and that Husband served the notice of hearing on Wife's prior attorney. Wife argued that the September 19, 2023 order must therefore be set aside. Husband responded to Wife's motion on November 6, 2023, claiming that counsel for Husband mailed a notice of hearing to Wife's new counsel and that Wife knew about the September 19, 2023 court date.

The trial court held a hearing on Wife's motion on January 30, 2024. Unlike the July 7, 2023 hearing, a transcript for the January 2024 hearing appears in the record. The trial court took sworn proof from both parties and found that (1) both parties were under oath on July 7, 2023; (2) both parties stipulated that they were entitled to a divorce; (3) both parties testified under oath that their agreement was fair and equitable; and (4) the divorce judgment was an accurate representation of the agreement announced to the trial court on July 7, 2023. Accordingly, the trial court denied Wife's motion in an order entered on February 28, 2024. This order provides as follows:

THIS MATTER came on to be heard this 30th day of January, 2024, before the Honorable Chancellor Douglas T. Jenkins holding the Chancery Court of Hawkins County at Rogersville, Tennessee upon the Motion for Rule 60 Relief filed by [Wife]. Present in the courtroom were [Wife], Michelle Grimm; counsel for [Wife], Jerry Fabus, Jr.; [Husband], Brant Grimm; and counsel for [Husband], Jeremy Harr. The Court placed both

- 3 -

parties under oath today. The parties testified that both were under oath on the day of the granting of the divorce and each stipulated that they were entitled to divorce from the other party on stipulated grounds. The parties testified under oath that the settlement they had reached was fair and equitable to both parties on July 7th, 2023. The parties further testified that the divorce judgment was an accurate representation of the agreement that was announced to the Court on July 7th, 2023. After hearing arguments of counsel, testimony of the parties, and review of the record as whole the Court finds the Motion is not well taken and should be denied.

Wife filed a notice of appeal to this Court on March 25, 2024.

## ISSUES

Wife raises one issue on appeal, which we restate slightly:

I.      Whether the trial court erred in entering a final decree of divorce as a consent judgment when notice of revocation of consent had been given to the Court and the agreement had not yet been reduced to writing.

In his posture as appellee, Husband raises the following issues, which are also slightly restated:

II.     Whether Wife's notice of appeal to this Court was timely.

III.    Whether the Wife's post-trial motion should be treated as a motion under Tennessee Rule of Civil Procedure 59.04, and whether the trial court abused its discretion in denying same.

IV.    Whether the trial court erred in entering the final judgment of divorce where both parties testified before the Court, were placed under oath, and testified to their stipulated grounds for divorce and that the distribution of property was fair and equitable.

V.     Whether Husband is entitled to attorney's fees incurred on appeal.

## DISCUSSION

### I.   *Timeliness*

As an initial matter, Husband argues that Wife's appeal is untimely. Timeliness implicates our ability to decide cases because this Court lacks subject matter jurisdiction when an appeal is not timely filed in accordance with Tennessee Rule of Appellate

Procedure 4(a). *See Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) ("[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003))). Because subject matter jurisdiction affects our "lawful authority to adjudicate" a case, we must examine subject matter jurisdiction as a threshold issue. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)); *see also Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 660 (Tenn. Ct. App. 2021) (explaining that issues regarding subject matter jurisdiction should be considered and resolved at the earliest possible opportunity).

Husband claims that Wife's notice of appeal is untimely because the trial court entered the consent judgment on September 19, 2023, and Wife did not file her notice of appeal until March 25, 2024. While Husband's timeline is correct, Wife's notice of appeal is not untimely. Within thirty days of the order entered on September 19, 2023, Wife filed her motion to set aside the trial court's judgment. Although Wife erroneously titled her motion as being pursuant to Tennessee Rule of Civil Procedure 60, the substance of the motion is that of a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04. Specifically, Wife argues in the motion that she did not have notice of any hearing on September 19, 2023, and asked the trial court to set aside the judgment of divorce. "Our courts are not bound by titles[,]" and we give effect to the substance of a motion according to the relief sought, regardless of the rule cited therein. *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008) (citing *Est. of Doyle v. Hunt*, 60 S.W.3d 838, 842 (Tenn. Ct. App. 2001)). Because of the substance of Wife's motion, and because it was filed while the judgment was still non-final, we construe Wife's motion as one to alter or amend. *See id.* ("Rule 60.02 affords a party a means to seek relief from a final, non-appealable judgment. When Plaintiff's motion was received and filed by the clerk's office, the judgment was not yet a final, non-appealable judgment. Accordingly, Rule 59.04 is the applicable rule." (internal citation omitted)). When filed within thirty days of a judgment being entered, a Rule 59.04 motion tolls the thirty-day filing period for a notice of appeal, until an order adjudicating the Rule 59.04 motion is entered. *See In re March 9, 2012 Ord.*, 637 S.W.3d 708, 712 (Tenn. Ct. App. 2020).

Here, Wife met this requirement, thus tolling her time for appeal. The trial court entered an order on Wife's motion on February 28, 2024, and Wife then filed her notice of appeal within thirty days, on March 25, 2024. Accordingly, Wife's notice of appeal is timely, and this Court does not lack subject matter jurisdiction over this case.

In resolving this issue, we also resolve Husband's second issue on appeal, which is whether Wife's motion should be treated as a Rule 59.04 motion to alter or amend, as opposed to a Rule 60.02 motion to set aside a final judgment. As noted above, Wife's October 12, 2023 motion is properly treated as a motion pursuant to Rule 59.04, and a trial court's ruling on such a motion will not be overturned absent an abuse of discretion. *Stricklin v. Stricklin*, 490 S.W.3d 8, 11 (Tenn. Ct. App. 2015).

## II.    *The consent judgment*

Both Wife and Husband raise the entry of the consent decree as an issue on appeal. Wife argues that because the parties' agreement, which was reached on July 7, 2023, was not reduced to writing when she filed a notice of revocation on July 10, 2023, the trial court lacked authority to enter the final judgment on September 19, 2023. On the other hand, Husband avers that the order was properly entered because "the parties announced their agreement to the [trial c]ourt and the Chancellor took sworn testimony from both parties as to the facts of their agreement and whether said agreement was fair and equitable."

Wife relies primarily on *Harbour v. Brown for Ulrich*, 732 S.W.2d 598 (Tenn. 1987), in her appellate argument. *Harbour* stemmed from an action for specific performance arising from a real estate contract; like the present case, the parties settled the dispute the day of trial. 732 S.W.2d at 599. While "the parties announced to the court that they had reached an agreement and would submit an order of compromise and dismissal[,]" they did not announce the terms of the agreement to the trial court, and the terms were not part of the technical record on appeal. *Id.* Before any order could be entered, the defendant repudiated the agreement. *Id.* Nonetheless, the trial court entered an order and dismissed the case with prejudice. *Id.*

In reversing the trial court's decision, our Supreme Court explained:

The general rule defining the power of a court to enter a consent judgment is set forth in 49 C.J.S. Judgments § 174(b), as follows:

> The power of the court to render a judgment by consent is dependent on the existence of the consent of the parties at the time the agreement receives the sanction of the court or is rendered and promulgated as a judgment.

In making reference to the general rule in *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), the court emphasized that:

> A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.

The reason for the rule is that a consent judgment does not represent the reasoned decision of the court but is merely the agreement of the parties, made a matter of record by the court. *Van Donselaar v. Van Donselaar,* 249 Iowa 504, 87 N.W.2d 311 (1958). And, until entered by the court, the matter

- 6 -

being the question of an agreement between the parties, either party may repudiate the agreement because of an actual or supposed defense to the agreement. This is not to say that the compromise agreement may not be a binding contract, subject to being enforced as other contracts, but only that the court may not enter judgment based on the compromise agreement, when it has notice that one of the parties is no longer consenting to the agreement for whatever reason.

*Id.* at 599–600. The rule announced in *Harbour* has since been applied in other circumstances. For example, in *Ledbetter v. Ledbetter*, our Supreme Court determined that an unsigned, mediated agreement that was never announced to the trial court was not binding on the parties and that the trial court lacked authority to enter it. 163 S.W.3d 681, 685 (Tenn. 2005) (noting that "because the terms of the oral agreement were not made or announced in open court and on the record, the court neither considered nor sanctioned the agreement").

Wife contends that the case at bar is directly on point with the foregoing cases. However, Wife ignores an important procedural distinction: here, it is undisputed that the parties announced their agreement to the trial court, stipulated that their agreement was fair and equitable, and the trial court sanctioned the agreement. This distinction is important because after *Harbour*, this Court recognized an exception to *Harbour*'s general ruling. Indeed, an exception to *Harbour* exists when

the entry of a consent order of compromise and settlement [ ] merely documents an earlier agreement even where consent does not exist at the time of entry of the written order. Stated differently, there are situations where a party will not be allowed to withdraw its consent to an oral agreement prior to entry of a judgment based on that agreement. At the least, this exception applies to agreements made in open court, on the record, where the detailed terms of the agreement are presented to the court, accepted by the court, and preserved by transcript or other acceptable record of the court proceedings.

There is no novelty in holding parties bound by representations made in formal judicial proceedings. For example, oral stipulations made in open court and accepted by the court are valid and will be enforced. *See Bearman v. Camatsos*, 215 Tenn. 231, 235–36, 385 S.W.2d 91, 93 (Tenn. 1964); *Town of Surgoinsville v. Sandidge*, 866 S.W.2d 553, 555 (Tenn. Ct. App. 1993); *see also* Tenn. R. Civ. P. 39.01. This rule applies to stipulations regarding issues as well as stipulations of fact. *See In the Matter of Property Seized On Or About November 14–15, 1989*, 501 N.W.2d [482,] 485 [Iowa 1993]. As a general rule, a stipulation made in the presence of a judge, but not in open court, must be reduced to writing to be effective. *See* 83 C.J.S. *Stipulations* § 4(2) at 6.

- 7 -

*Env't Abatement, Inc. v. Astrum R.E. Corp.*, 27 S.W.3d 530, 538–39 (Tenn. Ct. App. 2000) (footnote omitted); *see also Ledbetter*, 163 S.W.3d at 685 (recognizing the *Environmental Abatement* exception).

To sum up, a trial court may enter a consent judgment if it merely documents an earlier agreement made in open court and on the record, even if consent does not exist at the time the written order is entered. *Env't Abatement*, 27 S.W.3d at 538–39. Consequently, under certain circumstances, a trial court is not prohibited from entering a consent judgment notwithstanding one party's withdrawal of consent.

Thus, the question here is whether the present case fits the *Environmental Abatement* exception. We conclude that it does and that the trial court did not abuse its discretion in refusing to set aside the September 19, 2023 consent judgment. Although Wife argues on appeal that she revoked her consent to the parties' settlement, it is undisputed that she and Husband settled the case and made an announcement to the trial court regarding same on July 7, 2023. While it is unideal that the transcript from July 7, 2023 does not appear in the record, this omission is not fatal under the very particular circumstances of this case. Rather, the exception still applies due to Wife's sworn testimony at the January 30, 2024 hearing on her motion to alter or amend. Specifically, Wife admitted on the record that on July 7, 2023, she and Husband announced their agreement to the trial court and stipulated to being divorced. The pertinent testimony from January 30, 2024 is as follows:

> [HUSBAND'S COUNSEL]: Judge, I've been in this case since the beginning. We came for a trial in July. We came down here to try a case. The Court had another case on the docket that took approximately two hours. We retired to the conference room. We settled this case. We came in, The Court put the parties under oath, and under oath asked them, Is this your agreement? They had an oral contract. They both agreed. The Court divorced these parties on stipulated grounds -- not irreconcilable differences -- stipulated grounds that they were both entitled to a divorce from the other. So that was a final approval of the stated agreement. It was a very simple agreement where she was getting two vehicles and the house. No children of this marriage, so it was finished at that point. Then afterwards [Wife's former counsel] withdrew from the case. The Court had put it on the docket to come back, and [Wife] came to court. And then The Court gave us another court date to come back. And on that court date she did not come back.
>
> &ast; &ast; &ast;
>
> THE COURT: Well, I guess, both of you guys stand up and raise your right hand to be sworn.

- 8 -

(WITNESSES SWORN)

THE COURT: First of all -- both of you keep standing up. You heard what he said about this thing -- you were here in July, [Wife's former counsel] was here, [Husband's counsel] was here. And you were waiting on your time in line. I guess I was trying something in front of you. You came in and announced an agreement. Now is he telling me the truth about that?

[WIFE]: Yes.

THE COURT: What about you, Sir? What do you remember about it?

[HUSBAND]: That is the truth. Yes, Sir.

THE COURT: Okay. So you announced some agreement to The Court. And then was it after that that you decided you didn't want to do it? Was it after the announcement or before the announcement?

[WIFE]: Actually, I did it before and after. I told my attorney when we was standing right here. I said I don't agree with this. I think it's not right. It's not equally distributed. And she didn't say anything. She didn't do anything.

THE COURT: Did you tell -- did The Court, I mean, would I have had any idea you were backing up at that point? Or were you just talking to her about it?

[WIFE]: I was just kind of trying to list for her, because I wasn't for sure if I could speak.

THE COURT: Well, when I asked you if this is the deal, did you say, Yes?

[WIFE]: Yes.

Husband further testified on January 30, 2024, that the September 19, 2023 order is in keeping with what the parties announced and the trial court approved on July 7, 2023.

Accordingly, there is sufficient information in the record for us to conclude that the parties stated their agreement on the record in open court and detailed the terms of their agreement to the trial court prior to Wife's revocation of consent. Wife essentially conceded this in her January 30, 2024 testimony, thus satisfying the requirement that the terms be accepted by the trial court and "preserved by transcript or other acceptable record of the court proceedings." *Env't Abatement*, 27 S.W.3d at 539. Notwithstanding her

testimony that she was displeased with her attorney, the testimony in the record shows that Wife ultimately did not dispute what occurred on July 7, 2023.

Stated differently, we conclude that the transcript from the January 30, 2024 hearing is sufficient to satisfy the *Environmental Abatement* exception, inasmuch as Wife admitted, in sworn testimony, to announcing the parties' agreement to the trial court on July 7, 2023. Moreover, these facts are distinguishable from cases in which the *Environmental Abatement* exception has been held inapplicable. *See, e.g.*, *Ledbetter*, 163 S.W.3d at 685 (exception inapplicable where terms of agreement were recorded after a mediation, and "a Rule 31 mediation session is not a court proceeding such as would satisfy the requirement that the agreement be made in open court"); *In re Landon A.F.*, No. M2010-01180-COA-R3-JV, 2011 WL 1630945, at *4 (Tenn. Ct. App. Apr. 26, 2011) (exception inapplicable where the record lacked "any reliable proof" of the parties' mutual consent).

Absent an abuse of discretion, we will not disturb a trial court's ruling denying a motion to alter or amend. *Stricklin*, 490 S.W.3d at 11. We cannot conclude that the trial court abused its discretion under these circumstances, primarily because, as noted above, Wife conceded the main point of her case at the January 2024 motion hearing. It is also worth noting that in her motion to alter or amend, Wife never actually argued that the judgment should be set aside because Wife repudiated the parties' agreement. Rather, Wife's motion centers on her purported lack of notice as to the September 19, 2023 hearing. In fact, lack of notice is the only basis Wife asserts in her motion to alter or amend for setting aside the consent judgment. On appeal, however, Wife's argument centers entirely around the repudiation argument and seemingly abandons the notice argument. This confusing procedural posture only demonstrates further that the trial court did not abuse its discretion in refusing to set aside the consent judgment, insofar as the burden is on Wife to show that the judgment should be set aside, and her argument on this topic has been inconsistent.

As such, we affirm the trial court's ruling denying Wife's motion to alter or amend and conclude that the trial court did not err in entering the consent judgment on September 19, 2023.

### III.   *Attorney's fees*

Finally, Husband argues that he is entitled to his attorney's fees incurred on appeal. He first relies on Tennessee Code Annotated section 36-5-103, which provides, in relevant part, that

> [a] prevailing party may recover reasonable attorney's fees, which may be
> fixed and allowed in the court's discretion, from the nonprevailing party in
> any criminal or civil contempt action or other proceeding to enforce, alter,
> change, or modify any decree of alimony, child support, or provision of a

- 10 -

permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

Tenn. Code Ann. § 36-5-103(c).

Husband notes that whether to award attorney's fees under this section is discretionary with this Court. However, we have previously held that section 36-5-103(c) applies only under certain circumstances. In *Parker v. Parker*, we concluded that section 36-5-103(c) provides for attorney's fees solely in matters involving alimony, child support, permanent parenting plan provisions, and custody of children. No. E2022-00720-COA-R3-CV, 2023 WL 6639003, at *8 (Tenn. Ct. App. Oct. 12, 2023). In *Parker*, the trial court held that section 36-5-103(c) did not allow for attorney's fees where the action involved only enforcement of distribution of property in a divorce, and we affirmed that decision on appeal. *Id.*

Inasmuch as the present case deals only with a consent judgment dividing the parties' property and not alimony or child support, a permanent parenting plan, or child custody, section 36-5-103(c) does not apply here. We, therefore, decline to award Husband attorney's fees pursuant to this statute.

Husband also asserts that he is entitled to an award of attorney's fees because Wife's appeal is frivolous, and

[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Whether to award attorney's fees under section 27-1-122 is within this Court's discretion. *See Chiozza v. Chiozza*, 315 SW3d 482, 493 (Tenn. Ct. App. 2009).

Under all of the circumstances, we cannot conclude that Wife's appeal is devoid of merit or taken solely for delay. Consequently, we exercise our discretion to decline Husband's request for his appellate attorney's fees.

## CONCLUSION

The ruling of the Chancery Court for Hawkins County is affirmed, and we remand the case for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellant, Michelle Lester Grimm, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE